UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BARTHOLOMEW and MICHAEL
SHERRY, on behalf of themselves and
all others similarly situated

    Plaintiffs,

v.             Case No.:  2:19-cv-695-FtM-38MRM

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

## <u>OPINION AND ORDER</u>[1]

   Before the Court is Defendant Lowe's Home Centers, LLC's Motion to Dismiss (Doc. 9) and Plaintiffs Diane Bartholomew and Michael Sherry's (collectively "Bartholomew") Amended Response in Opposition (Doc. 27).  The parties replied (Doc. 25) and surreplied (Doc. 30).  For these reasons, the Court grants and denies in part the Motion to Dismiss (Doc. 9).  And the Court grants Bartholomew's Motion for Substitution (Doc. 18) of the proper Lowe's entity.

## BACKGROUND

   This is an age discrimination case.  Bartholomew works at a Lowe's store as a sales associate.  At one time, Lowe's paid sales associates the commissions (called "spiffs") that it received from manufacturers for selling their products.  So those employees earned an hourly wage plus spiffs.  Typically, the people hired as sales associates were

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

over forty—the age federal law considers an employee an "older worker." In late 2011, Lowe's announced it would stop paying spiffs to sales associates.

When it ended spiff pay in 2012, Lowe's decided to help "offset the loss in variable pay" for sales associates. (Doc. 1 at 4). To accomplish that, Lowe's adopted a scheme to pay sales associates an adjusted amount equal to fifty percent of their spiffs earned in 2011 (the "Allowance"). Certain Lowe's employees who earned spiffs, like "Project Specialists—Exteriors" or ("PSEs"), were exempt—meaning Lowe's kept paying PSEs unadjusted spiffs. According to Lowe's, the point of ending spiff pay was to provide employees with stability. And the company told sales associates they would retain the Allowance arrangement as long as they remained hourly employees at a Lowe's store.

Then, in August 2019, Lowe's announced it would end the Allowance. And in February 2020, all sales associates who receive an Allowance will no longer earn it. After learning of this, Bartholomew sued. The Complaint alleges two counts of age discrimination on a class-wide or collective basis.[2] Lowe's moves to dismiss for lack of subject-matter jurisdiction and failure to state a claim.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) attacks a court's subject-matter jurisdiction. *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1238 (M.D. Fla. 2019). These challenges take two forms—facial and factual. *Id.* at 1239. On facial attacks, like the one here, "the Court takes the allegations in the complaint as true in deciding the motion." *Id.*

---

[2] The relevant statute adopts the Fair Labor Standards Act's mechanism for collective actions. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

Rule 12(b)(6) motions to dismiss for failure to state a claim have a different focus. A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* So the pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

The Court takes each challenge in turn.

### A. Jurisdiction

To start, Lowe's moves to dismiss under Rule 12(b)(1) on two fronts: (1) standing and (2) ripeness.

First, Lowe's challenges Bartholomew's standing. A plaintiff must show standing to invoke federal-court jurisdiction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). For standing, there must be injury, causation, and redressibility. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "First and foremost" of that test is an "injury in fact"—the only element at issue. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

An injury in fact means "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. 560 (internal quotation marks, footnote, and citations omitted). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotation marks and citation omitted). In other words, imminent injuries are those "likely to occur immediately." *Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1161 (11th Cir. 2008) (citation omitted).

Mostly, Lowe's says the injury is hypothetical and prospective because the Allowance will not end until next month. Bartholomew disagrees, so does the Court. The alleged injury here is not conjectural or hypothetical. Bartholomew sued in late September 2019 after he received a letter from Lowe's informing him (in no uncertain terms) "on February 1, 2020, the Allowance will be discontinued and you will no longer be eligible to receive the Allowance." (Doc. 27-1). Ending the Allowance is the crux of Bartholomew's case, and that decision will take effect in a few weeks. So the Court concludes Bartholomew showed he has standing for a concrete, particularized, and imminent injury.

Even if there is no standing on that basis, the Complaint also seeks injunctive relief. When seeking injunctive relief, plaintiffs need not "await the consummation of threatened injury to obtain preventative relief." *See Browning*, 522 F.3d at 1161 (citation omitted). "A party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *J W, by & through, Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248,

1264 (11th Cir. 2018) (citation omitted).  Surely, Bartholomew had standing to enjoin the allegedly discriminatory policy by suing a couple of months before implementation.

Second, Lowe's asserts the case is unripe.  There is substantial overlap between standing and ripeness.  *E.g.*, Erwin Chemerinsky, *Federal Jurisdiction* § 2.4.1. (7th ed. 2016).  Article III's "ripeness doctrine protects federal courts from engaging in speculation or wasting resources through the review of potential or abstract disputes."  *Dig. Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).  At bottom, it "seeks to avoid entangling courts in the hazards of premature adjudication."  *Id.* at 589 (citation omitted).  Ultimately, ripeness "goes to whether [a] district court had subject matter jurisdiction to hear the case."  *Id.* at 591 (citation omitted).  To determine ripeness, courts look at two factors: (1) "the fitness of the issues for judicial decision"; and (2) "the hardship to the parties of withholding court consideration."  *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cty., Fla.*, 842 F.3d 1324, 1329 (11th Cir. 2016) (citation omitted).

Typically, the "hardship prong asks about the costs to the complaining party of delaying review until conditions for deciding the controversy are ideal."  *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1291 (11th Cir. 2010) (citation omitted).  Whereas, the fitness prong concerns "questions of finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed."  *Id.* (internal quotation marks and citation omitted).  "[I]t is generally true that the existence of contingencies raises fitness concerns that 'militate in favor of postponing' review."  *Id.* (alterations accepted) (quoting *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1263 (11th Cir. 2010)).  "Yet, to determine whether a future contingency creates fitness (and

ultimately ripeness) concerns, a court must assess the *likelihood* that a contingent event will deprive the plaintiff of an injury." *Id.* at 1291-92. "In other words, it is not merely the existence, but the *degree* of contingency that is an important barometer of ripeness." *Id.* at 1292 (alteration accepted, internal quotation marks omitted, and citation omitted).

Like the standing analysis above, this case is ripe for similar reasons. There is nothing hypothetical about this case. Bartholomew challenges the decision to end the Allowance and seeks an injunction to prevent it. While the policy will not be effective for two more weeks, nothing suggests that will not happen (at which point the dispute would be indisputably ripe). So at this point, the Court concludes nothing is likely to deprive Bartholomew of the alleged injury suffered by ending the Allowance.

Because Bartholomew has standing and the case is ripe, there is jurisdiction.[3]

## B. Merits

Next, Lowe's moves to dismiss the Complaint for failure to state a claim.

The Age Discrimination in Employment Act ("ADEA") prohibits employers from discriminating against employees over forty because of their age. 29 U.S.C. §§ 623(a); 631(a). There are two theories of ADEA discrimination (disparate impact and disparate treatment). *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 232, 238 (2005). And the Complaint brings both. The Supreme Court explained the distinction a while back:

> Disparate treatment is the most easily understood type of discrimination. The employer simply treats people less favorably than others because of their [age]. Proof of discriminatory motive is critical, although it can in some

---

[3] While the Motion also challenges personal jurisdiction, the parties resolved the issue with Lowe's consenting to substitution of the proper corporate entity. (Docs. 9 at 9; 25 at 1). Given the parties' agreement, the Motion for Substitution is granted, and Bartholomew should substitute the proper party in the amended complaint.

situations be inferred from the mere fact of differences in treatment.

Claims that stress disparate impact by contrast involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive is not required under a disparate-impact theory.

*Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993) (alterations accepted, internal quotation marks omitted, and citation omitted)

Before turning to those individual claims, the Court can quickly dispense with part of Lowe's argument. It argues because the case relates to an across-the-board compensation decision (which it calls a "quintessential business decision"), ending the Allowance does not violate ADEA. (Docs. 9 at 11-12; 25 at 5). The Court agrees it does "not sit as a super-personnel department," reexamining Lowe's otherwise lawful business decisions. *E.g.*, *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (citation omitted). But the Eleventh Circuit has been clear: employment decisions that significantly affect an employee's compensation can be an adverse employment action. *E.g.*, *Gillis v. Ga. Dep't of Corr.*, 400 F.3d 883, 888 (11th Cir. 2005) (holding "an evaluation that directly disentitles an employee to a raise of any significance is an adverse employment action under Title VII"); *MacPherson v. Univ. of Montevallo*, 922 F.2d 766, 774 (11th Cir. 1991). Here, Bartholomew stands to earn $12,000 less per year after Lowe's ends the Allowance. That is not a *de minimis* amount to most workers. And it is the type of pay imbalance that may support a discrimination claim, particularly at the 12(b)(6) stage. Having addressed that, the Court turns to the heart of the matter.

*1. Disparate Impact*

The Complaint brings a claim for disparate impact, and Lowe's seeks to dismiss it. But as explained, the Complaint is enough to go forward on this claim.

A "plaintiff bringing a disparate-impact claim challenges practices that have a disproportionally adverse effect on [a protected class] and are otherwise unjustified by a legitimate reason." *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2513 (2015) (internal quotation marks and citation omitted).  To state a disparate impact claim for age discrimination, the plaintiff must show: "1) there is a significant statistical disparity among members of different age groups; 2) there is a specific, facially-neutral employment policy or practice; and 3) there is a causal nexus between the specific policy or practice and the statistical disparity." *Cardelle v. Miami Beach Fraternal Order of Police*, 593 F. App'x 898, 901 (11th Cir. 2014) (alteration accepted and citation omitted).  Basically, a prima facie case of disparate impact is "a threshold showing of a significant statistical disparity." *Ricci v. DeStefano*, 557 U.S. 557, 587 (2009).  "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact." *Smith*, 544 U.S. at 241. "Rather, the employee is responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities." *Id.* (internal quotation marks and citation omitted).

On a motion to dismiss, a plaintiff "must plausibly allege—not prove—only a prima-facie case of disparate impact." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 406 F. Supp. 3d 1258, 1304 (M.D. Ala. 2019); *see also United States v. Pennsylvania*, 110 F. Supp. 3d 544, 553 (M.D. Pa. 2015) (holding Title VII plaintiffs need not allege

detailed statistics to survive a 12(b)(6) motion).  For that reason, plaintiffs should conduct discovery before courts require "detailed statistics."  *Id.* (citation omitted).  Still, plaintiffs must allege "*some* statistical disparity, however elementary."  *Id.* (citation omitted).

Lowe's argues the claim fails because ending the Allowance applies equally to everyone, so older sales associates will not be disproportionately affected or impacted at a higher rate than younger sales associates.  Yet the Complaint alleges this facially neutral policy has a significant adverse impact on sales associates over forty.  According to the Complaint, most sales associates are over forty, so members of a protected class will bear the brunt of the change.  And Bartholomew identifies the specific policy responsible for the alleged disparity.  While these are not the most comprehensive pleadings, plaintiffs need not provided detailed statistics in their complaints.  *E.g., Coral Ridge*, 406 F. Supp. 3d at 1304.  Moreover, even though Bartholomew failed to use certain words like older sales associates were "disproportionately impacted," the crux of allegations plead just that.

To the extent that Lowe's argues ending the Allowance is not actionable because it is a nondiscriminatory, neutral compensation decision applied equally to all sales associates, the issue is better tackled at summary judgment.  Lowe's may well have some defense to end the Allowance, like a reasonable factor other than age.  *See Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 102 (2008).  But none of the cases Lowe's relies on were decided on a motion to dismiss, when the Court must accept the allegations as true.

Thus, the Complaint states a valid disparate-impact claim.  And Motion to Dismiss is denied for Count 1.

### 2. Disparate Treatment

Finally, the Complaint alleges disparate treatment, and Lowe's moves to dismiss. On this basis, the Court agrees and dismisses without prejudice.

"When a plaintiff alleges disparate treatment, liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Summers v. Winter*, 303 F. App'x 716, 718 (11th Cir. 2008) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000)).  In other words, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).  Plaintiffs can make out that prima facie case in one of three ways—(1) "by direct evidence of discriminatory intent; [(2)] by meeting the four-pronged test set out [in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)]; or ([3]) through statistical proof.'" *Cardelle*, 593 F. App'x at 901 (footnote omitted) (quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)).

But *McDonnell Douglas* applies in the nonclass context.  *Monaco v. City of Jacksonville*, 51 F. Supp. 3d 1251, 1258 (M.D. Fla. 2014).  So "the neat pattern of shifting inferences provided by *McDonnell Douglas* is not directly applicable to class actions." *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1143 (11th Cir. 1983).  "Rather, in the class action context, the class establishes intentional discrimination by demonstrating that 'discrimination was the company's standard operating procedure—the regular rather than the unusual practice.'" *Monaco*, 51 F. Supp. 3d at 1258 (quoting *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 & n.9 (1984)).  "To meet this burden of proof, a plaintiff must 'prove more than the mere occurrence of isolated or accidental or sporadic discriminatory acts.'" *Equal Emp't Opportunity Comm'n v. Joe's Stone Crab, Inc.*, 220

F.3d 1263, 1286-87 (11th Cir. 2000) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977)).  These are called pattern and practice claims (a "variant" of disparate treatment), which plaintiffs generally prove through "strong statistical evidence of disparate impact coupled with anecdotal evidence of the employer's intent to treat the protected class unequally."  *Id.* at 1287 (citation omitted).

As Lowe's argues, the Complaint alleges all sales associates will be treated the same once the Allowance ends.  (Doc. 1 at 6 ("Lowe's will eliminate all spiff/commission allowances to sales associates and Plaintiffs have been told by Lowe's managers that this elimination of the allowance applies to all Lowe's sales associates that are presently receiving the allowance.").  So on its face, the Complaint does not state a claim because it does not allege Lowe's treats sales associates differently than one another based on their age.  *See Monaco*, 51 F. Supp. 3d at 1259 (stating plaintiffs must show "whether there was a pattern or practice of such disparate treatment and, if so, whether the differences were premised on the protected characteristic" (quoting *Teamsters*, 431 U.S. at 335)).  And while the Complaint labels this a pattern and practice disparate treatment claim, it offers no statistical data or any other evidence of Lowe's having a pattern or practice of discriminating against older employees.  *Cf. Equal Emp't Opportunity Comm'n v. Darden Rests., Inc.*, 143 F. Supp. 3d 1274, 1282-83 (S.D. Fla. 2015) (denying dismissal of a pattern and practice age discrimination claim when the complaint alleged instances of discrimination, circumstantial evidence, and statistical data).

To salvage the claim, Bartholomew points to certain comparators (PSEs) the Complaint alleges Lowe's treats more favorably.  Plaintiffs must show they are "similarly situated in all material respects" to comparators.  *Lewis v. City of Union City, Ga.*, 918

F.3d 1213, 1229 (11th Cir. 2019) (en banc).  Determining whether comparators meet that standard is inherently context specific to each case.  *Id.* at 1227.  Yet an "employer is well within its rights to accord different treatment to employees who are differently situated in 'material respects'—*e.g.*, who engaged in different conduct, who were subject to different policies, or who have different work histories."  *Id.* at 1228.  At bottom, the analysis turns on the "substantive likenesses" between the plaintiff and comparators.  *Id.*

Here, the allegations on PSEs are insufficient.  PSEs must be "similarly situated in all material respects" to sales associates.  *Id.* at 1229.  As Lowe's argues, PSEs cannot be proper comparators because they have a different position than sales associates, and the Complaint does not allege how they are similarly situated.  The Court has no idea of even the basic similarities between PSEs and sales associates because the Complaint never alludes to what those might be.  Perhaps the Court can guess a PSE (project specialist—exteriors) at each Lowe's store specializes in exterior projects.  But that vague description does not help, especially considering the Complaint never explains the material aspects of a sales associate position.  Simply put, the Court is left guessing whether sales associates and PSEs have any similarity to one another.  So it cannot conclude similarly situated employees were treated differently—let alone treated differently *because of* their age.

Bartholomew is correct that a substantive assessment of comparators is left to later stages of a case.  *E.g.*, *id.* at 1218; *Alvarez v. Lakeland Area Mass Transit Dist.*, 406 F. Supp. 3d 1348, 1354 (M.D. Fla. 2019).  Yet Bartholomew still needs to plead a facially plausible claim of age discrimination.  *See Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015).  And courts often dismiss complaints for failing to allege enough

factual support on the comparators. *See, e.g.*, *Gilliam v. U.S. Dep't of Veterans Affairs*, No. 2:16-cv-255-FtM-29UAM, 2019 WL 1383156, at *3-4 (M.D. Fla. Mar. 27, 2019) ("And because Plaintiff has failed to identify an adequate comparator, his race, national origin, and gender discrimination claims are facially implausible."); *Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 710 (11th Cir. 2013); *Dillard v. Brennan*, No. 2:17-cv-338-ECM, 2019 WL 1388579, at *4-5 (M.D. Ala. Mar. 27, 2019).

Perhaps seeing the writing on the wall, Bartholomew points to a Southern District case that correctly noted a plaintiff "may raise a reasonable inference of an employer's discriminatory intent through various forms of circumstantial evidence, even in the absence of a proper comparator, to survive a motion to dismiss." *Drisin v. Fla. Int'l Univ. Bd. of Trs.*, No. 16-24939-CIV-WILLIAMS, 2019 WL 289581, at *10 (S.D. Fla. Jan. 17, 2019). To do so, plaintiffs must paint a "convincing mosaic of circumstantial evidence" for an inference of intentional discrimination. *E.g.*, *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193 (11th Cir. 2016). The problem, however, is the Complaint doesn't even try to draw a stick figure. It alleges nothing else to allow an inference of Lowe's discriminatory intent. Like Lowe's argues, ending the Allowance applies equally to all sales associates. Without the PSE comparators, the Complaint is left with only a conclusory allegation that Lowe's ended the Allowance to discriminate against older workers. *But see* *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 728 (11th Cir. 2018) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." (citation omitted)). So Bartholomew has "not nudged [this claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

As a final note on PSEs, the Complaint identifies three PSEs by name and alleges they are "younger." That said, the Complaint never alleges how old the PSEs are or whether they are substantially younger employees and treated more favorably because of their age. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996). And the Complaint is careful to identify which of the named and opt-in Plaintiffs are older than each PSE. For one of the PSEs, the Complaint simply alleges she is younger than the oldest named Plaintiff. But if that PSE is older than the other named and opt-in Plaintiffs, it would be tough to use her as a more favorably treated comparator.

At bottom, the Complaint does not allege enough factual matter to support a plausible inference Lowe's intentionally discriminated against Bartholomew and older sales associates by ending the Allowance. So Count 2 is dismissed. *See Caraway*, 550 F. App'x at 709-10. Yet the Court rejects Lowe's argument this dismissal should be with prejudice. The Court cannot say that amendment would be futile, so Bartholomew will get the requested chance to amend.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 9) is **GRANTED and DENIED in part**. Count 2 of the Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiffs' Motion for Substitution (Doc. 18) is **GRANTED**.

3. Plaintiffs may **FILE** an amended complaint consistent with this Order, **on or before February 4, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record