THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DIANE BARTHOLOMEW, <br> MICHAEL SHERRY, <br> on behalf of themselves and all others <br> similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, <br> d/b/a LOWE'S, <br><br>     Defendant. | CASE NO.: 2:19-cv-00695-SPC-MRM |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW** Plaintiffs, by and through their undersigned counsel, and hereby file their response in opposition to Defendant Lowe's Home Centers LLC's Motion To Dismiss Counts II and III of Plaintiffs' Amended Complaint (Doc. [54]). In support, Plaintiffs state as follows:

## Introduction

In its Motion, Lowe's attempts to dismiss both of Plaintiffs' state law claims (contract implied in fact and contract implied in law). The Motion is premised on the following assertions: because Plaintiffs "fail to allege (and cannot allege) that they were working for Lowe's under the false expectation of compensation and were not paid for their work;" as at-will employees they are without any remedy under their state law claims;" and these claims are inappropriate for class treatment under Rule 23. Put simply, not only has Lowe's failed to meet its Rule 12(b)(6) burden, none of its arguments have any merit, and at least none have merit before Plaintiffs' motion for conditional class certification.

SALAS LAW FIRM, P.A.

*Diane Bartholomew et al. v. Lowe's*
Case No.: 2:19-cv-00695

As stated expressly in the Amended Complaint, Lowe's told employees in 2012 that the Allowance income would continue until certain conditions were triggered, including primarily the employee moving from an hourly position to another position or ending their employment. Curiously, Lowe's takes the position that by continuing their employment after the Allowance stopped, Plaintiffs and the putative class have lost the ability to claim that they are entitled to equitable relief because they continued working. This is even though Lowe's told its employees in 2012: "Employees will be able to retain this pay 'allowance' for as along as they remain employed with a Lowe's store in an hourly position," (Am. Compl. ¶¶ 27-30, at ¶ 27), and informed third-parties, including Plaintiffs' mortgage lenders, of the same condition. (Am. Compl. ¶¶ 31-32). Put simply, under these circumstances, to find that there was no "inequity" based on the four-corners of the Amended Complaint, would not only ignore the factual allegations presented therein, it would also turn the requirements of Rule 8 on its head, requiring Plaintiffs to prove inequity based solely on the allegations and without any discovery. Lowe's has failed to meet its Rule 12(b)(6) burden and the Motion should be dismissed.

## **Response In Opposition**

It is axiomatic that "[t]he moving party bears the burden to show that the complaint should be dismissed." *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (internal quotation marks and citation omitted). "When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff." *Garcia v. Gravity Interactive, Inc.*, Case No. 10-62162, Civ-Cooke/Turnoff, 2012 U.S. Dist. LEXIS 198334, *7-8 (S.D. Fla. Jan. 17, 2012) (citing *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)).

I.      **Cases Cited In Lowe's Motion Do Not Occur At The 12(b)(6) Phase**.

As an initial matter, despite its use of vague and errant terms in its Motion (*e.g.* "rejected claims," "the court dismissed") the cases cited in its Motion are opinions occurring at or after summary judgment. (Mot. § II) (citing *Facelli v. Se. Mktg. Co.*, 284 S.C. 449, 451-52 (1985) (after trial on former-employee plaintiff's claims of breach of contract (where an employment contract existed), finding that jury verdict should be reduced by $1,067.17 for the period of time after employer breached the contract and the employee continued to work); *Rionda v. HSBC Bank U.S.A., N.A.*, Case No. 10-20654-Civ-Huck/O'Sullivan, 2010 U.S. Dist. LEXIS 137355, *29 (S.D. Fla. Dec. 30, 2010) (granting summary judgment to employer on plaintiff's unjust enrichment claim concerning discretionary bonuses); *Garcia v. Koning Rests. Int'l, L.C.*, CASE NO.: 12-CV-23629-Huck, 2013 U.S. Dist. LEXIS 186533, *26 (S.D. Fla. May 10, 2013) ("In sum, because the undisputed evidence shows that Plaintiff provided Defendant with no more than that which he was hired to do and for which he has already been paid, summary judgment is granted in Defendant's favor on Count II.")). The procedural posture is also different for the other cases cited by Lowe's (Mot. § III) (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1267 (11th Cir 2004)) (on a motion for class certification); *Dapeer v. Neutrogena Corp.*, Case No. 14-22113-Civ-Cooke/Torres, 2015 U.S. Dist. LEXIS 177097, *10 (S.D. Fla. Dec. 1, 2015) (report and recommendation) (same); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1260 (11th Cir. 2009) (same); *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1185 (11th Cir. 2009) (same). Put simply, Defendant has not met its burden as movant to demonstrate that dismissing equitable claims / claims for relief is appropriate at the 12(b)(6) stage.

**II.     Plaintiffs Are Entitled To Equitable Relief Under Both Theories.**

Despite the bald statements in its Motion to the contrary, quantum meruit and unjust enrichment theories of recovery in at-will employment cases are common and are not foreclosed

(at least not foreclosed at the 12(b)(6) stage) merely because of the plaintiff's at-will employment status and/or merely because the relief sought is "equitable relief." *See Macintyre v. Lender Processing Servs.*, Case No. 3:13-cv-89-J-25JBT, 2014 U.S. Dist. LEXIS 199733, *23 (M.D. Fla. Apr. 29, 2014) (denying summary judgment to defendant-employer on plaintiff's Title VII gender discrimination claim and unjust enrichment claim); *see also Dow v. Cradlepoint, Inc.*, Case No. 1:16-CV-3341-CC, 2017 U.S. Dist. LEXIS 223320, *31 (N.D. Ga. June 13, 2017) (denying defendant-employer's motion to dismiss on former at-will employee plaintiffs' Title VII, breach of contract, and unjust enrichment claims"); *cf. Williams v. Grimes Aero. Co.*, 988 F. Supp. 925, 941 (D.S.C. 1997) (granting summary judgment to defendant on plaintiff's Title VII and unjust enrichment claims); *cf. also Sleit v. Ricoh Corp.,* Case No. 8:07-cv-724-T-23TBM, 2008 U.S. Dist. LEXIS 118754, *49 (M.D. Fla. Oct. 17, 2008) (granting summary judgment to defendant on plaintiff's Title VII, quantum meruit, and unjust enrichment claims); *Yacovella v. Apparel Imps., Inc.*, Case No. 15-23477-ClV-O'Sullivan, 2016 U.S. Dist. LEXIS 120015, *24 (S.D. Fla. Sept. 6, 2016) (granting summary judgment to defendant on plaintiff's Title VII, ADEA, ADA, quantum meruit, and unjust enrichment claims). Put another way, there is, of course, no per-se proscription on equitable relief to a plaintiff merely because his/her employment was "at-will." *Cf., e.g., Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 849-50 (2001) (holding that front pay is an equitable remedy and provides redress for the loss of future employment beyond the date of judgment as a result of past discrimination).

Furthermore, these two legal theories are distinguishable and properly pled together and in the alternative. *Donner v. Fla. Bracing Ctr., Inc.*, Case No. 13-60848-Civ-Cohn/Setlzer, 2013 U.S. Dist. LEXIS 86846, *7-8 (S.D. Fla. June 20, 2013) ("A claim for quantum meruit for breach of a contract implied in fact may be pled alternatively with a claim for unjust enrichment.") (citing

*Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 806 n.5 (11th Cir. 1999)). "'A claim for unjust enrichment is based on a contract implied in law, also known as a quasi-contract.'" *Donner*, 2013 U.S. Dist. LEXIS 86846, *7 (quoting *14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contrs.*, *Inc.*, 43 So. 3d 877, 880 (Fla. 1st DCA 2010)) (other citation omitted). "By contrast, a claim for quantum meruit may be based on contracts implied in law or contracts implied in fact. *Donner*, 2013 U.S. Dist. LEXIS 86846, *6-7 (citing *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 387 (Fla. 4th DCA 1997)) (other citation omitted). And, merely because an adequate legal remedy / theory of relief exists, does not mean that equitable theories / remedies, like quantum meruit and unjust enrichment, are proscribed. *See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 Fed. Appx. 714, 722 (11th Cir. 2011)("It is generally true that equitable remedies are not available under Florida law when adequate legal remedies exist. However, that rule does not apply to unjust enrichment claims.")) *abrogated on other grounds* by *State Farm Mut. Auto. Ins. Co. v. Williams*, 824 F.3d 1311, 563 Fed. Appx. 665 (11th Cir. 2014) (internal citations omitted).

"Florida law prescribes four elements for quantum meruit and unjust enrichment claims." *Merle Wood & Assocs. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013) (citations omitted). "First, the plaintiff must have conferred 'a benefit on the defendant.'" *Id.* (citations omitted). Second, the defendant must have "knowledge of the benefit." *Id.* Third, the defendant must have "accepted or retained the benefit conferred." *Id.* Fourth, the circumstances must be such that "it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Id*. (citations omitted); *see also Civil Eng'g Consulting Servs. v. Boggs Paving,* C/A No. 3:16-cv-2540, 2017 U.S. Dist. LEXIS 226507, *10 (D.S.C. Aug. 8, 2017) ("The elements of quantum meruit are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit

by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value.") (citing *Columbia Wholesale Co. v. Scudder May N.V.*, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (S.C. 1994)). "Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *White Constr. Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1332 (M.D. Fla. Apr. 7, 2009) (citing *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008) and *Kovtan v. Frederiksen*, 449 So. 2d 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."); *see also Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1365-66 (S.D. Fla. July 24, 2009) (refusing to dismiss an unjust enrichment claim when "reasonable inferences drawn from the Complaint demonstrate there may be an inadequate remedy at law as to some of Defendant's alleged misconduct"); *Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2014 U.S. Dist. LEXIS 7686, *25 (D.S.C. Jan. 22, 2014) ("An action for unjust enrichment cannot lie in the face of an express contract.") (collecting cases; internal quotation marks and citations omitted).

Here, it is clear Lowe's wants this Court to find that no at-will employee plaintiff can ever bring an equitable claim or claim for equitable relief where the employer gave the employee "advanced notice of the compensation change and decided to continue working for Lowe's under the new compensation scheme." (Mot. p. 8). This bald assertion is incorrect based on the cases cited *supra* and is at least incorrect at the 12(b)(6) stage. Further, Lowe's basis for its Motion is that "Plaintiffs cannot satisfy the crucial element of inequitable circumstances because Lowe's notified Plaintiffs in advance what they would pay them for their work and, in each period, Lowe's paid Plaintiffs what it said it would pay them," is incorrect. First and foremost, Lowe's has cited

no case where the Court dismissed the complaint/claims because the plaintiffs had not pled inequitable circumstances, including no example cases and no such case where the employer is relieved from an equitable claim merely because the employer gave advanced notice of the compensation change.[1] The Motion should be denied for this reason alone as Lowe's has failed to meet its burden. Even assuming *arguendo* the Court should examine this argument further, which it need not, Lowe's argument is nonetheless without merit, including because "Lowe's paid Plaintiffs what it said it would pay them," is wrong.

Turning to the elements, what is the benefit conferred by plaintiff? It is, at least, Plaintiffs working from 2012 through February 1, 2020 in an hourly position hinged to the promise by Lowe's that the allowance "will continue unless one of the following things occur [moving from an hourly position to another position and/or if they stop working for Lowe's]." (Am. Compl. ¶¶ 27, 31). Plaintiffs provided valuable consideration for this promise by Lowe's by continuing their employment and by not seeking different employment, relying upon Lowe's promise to continue paying the allowance until the end of their employment / until they transferred into a different position. Did Lowe's have knowledge of the benefit? Yes, including by Lowe's notifying third-parties, like Plaintiffs' lenders, of the allowance benefit and of its continued application to them while they were employed (Am. Compl. ¶¶ 31-32). Did Lowe's accept or retain the benefit conferred? Yes, it obtained eight years of benefits from senior sales employees, including Plaintiffs, continuing to sell its products under the promise of continued allowance payments throughout the duration of their employment as consideration for their continued employment.

---

[1] Of note, in reality, Lowe's is asking this Court, without citation to controlling authority, to find that the way it handled Plaintiffs, their employment, and its end to their allowances, as "equitable," as a matter of law on the face of the complaint. This is or seems improper at any time, much less before a certification motion, and/or a trial, where the Court may be asked to weigh the equities based on a (then) developed factual record.

Would the circumstances be inequitable for Lowe's to retain these benefits? Either (1) yes, on the facts as presented in the complaint, it is inequitable for tenured employees, promised a benefit until their employment ends or they transfer positions, to have the benefit-rug pulled out from under them after paying over eight years of consideration by continuing to work in the same sales position expecting to be paid the allowance based on Lowe's promises of continued payment of allowances (while at the same time Lowe's continued to receive Spiff/Commission monies from manufacturers), or, (2) yes, it is a disputed issue of material fact as to whether the circumstances were inequitable and is for the jury to decide. *See, e.g., Novak v. Gray*, Case NO. 8:09-cv-880-T-26-TGW, 2011 U.S. Dist. LEXIS 161921, *8 (M.D. Fla. June 17, 2011) (noting that jury had found adequate consideration and that it had proved the existence of a valid contract).

In other words, Lowe's claim that "it paid Plaintiffs what it said it would pay them," is either flatly wrong based on the underlying facts and simple rules of the consideration Plaintiffs were paid (*i.e.* a promise, or an act other than a promise and/or forbearance), including under Restatement 71 (Second) of Contracts, and/or its position assumes there are no fact issues as to what was "paid" in consideration by Plaintiffs and/or by Lowe's. Indeed, there are fact issues as to what consideration was paid by each side. Bottom line, inasmuch as Lowe's claims there are no inequitable circumstances here, Lowe's is either wrong based solely on the allegations in the Complaint and/or the issue is for the jury.

**III.    Both Claims Are Appropriate For Class Treatment And/Or The Issue Is Premature.**

First and foremost, the term "'quantum meruit' derives from common law forms of pleading." *Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997) (discussing the legal underpinnings of assumpsit, quantum meruit, and unjust enrichment). "In Florida . . . all implied contract actions were part of the action of assumpsit, which

was an action at law under the common law. Although some Florida courts have described quasi contracts as being 'equitable in nature,' the term has been used in the sense of 'fairness,' to describe that quality which makes an enrichment unjust, and not as a reference to the equity side of the court." *Duty Free World, Inc. v. Miami Perfume Junction, Inc.,* 253 So. 3d 689, 694 (Fla. 3d DCA 2018) (citations omitted); *see also Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp. 2d 1246, 1253 (M.D. Ala. 2005) (holding that on a motion to dismiss "it would be premature to hold that the FLSA prevents [the Plaintiff] from bringing claims for breach of contract and unjust enrichment") (citation omitted).

In its Motion, Lowe's claims "where the fifty states truly establish a large number of different legal standards governing a particular claim" that class treatment is inappropriate. (Mot. p. 9 (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1267 (11th Cir 2004)) (discussing the "variations in state laws" issue as part of the commonality inquiry;[2] reversing district court's decision to conditionally certify class on plaintiffs' state law claims). While a correct quote from it, Lowe's omits important caveats of the *Klay* opinion, namely, "if a claim is based on a principle of law that is uniform among the states, class certification is a realistic possibility" and/or "if the applicable state laws can be sorted into a small number of groups, each containing materially identical legal standards, then certification of subclasses embracing each of the dominant legal standards can be appropriate." *Id.* at 1262 (citation omitted). Given that most if not all of state law theories of quantum meruit and unjust enrichment derive from assumpsit, as a threshold matter, other jurisdictions' iterations of the elements/prima facie case are the same or similar to each other, whether in South Carolina, Florida, or another state. *See Pa. Emple. Benefit Trust Fund v. Zeneca,*

---

[2] Of note, at least one Court in our Circuit has described the inquiry as "groupability among the laws of the fifty states." *Hill v. T-Mobile USA, Inc.*, Case No.: 2:09-CV-1827-VEH, 2011 U.S. Dist. LEXIS 157669, *51 (N.D. Ala. May 16, 2011) (citations omitted).

*Diane Bartholomew et al. v. Lowe's*
Case No.: 2:19-cv-00695

*Inc.*, 710 F. Supp. 2d 458, 477 (D. De. 2010) ("With respect to Plaintiffs' unjust enrichment claims, neither party has raised an issue as to an actual conflict between the laws of the potentially applicable jurisdictions, and the Court *sua sponte* has determined that the basic elements required under the relevant states' laws do not create an actual conflict."); *see also Rapoport-Hecht v. Seventh Generation, Inc.*, Case No. 14-CV-9087 (KMK), 2017 U.S. Dist. LEXIS 218781, *11 (S.D.N.Y. Apr. 28, 2017) (granting Rule 23 conditional class certification on unjust enrichment claim; reasoning that "while states' laws may differ on unjust enrichment with respect to issues such as whether the plaintiff 'must prove an actual loss or impoverishment' or confront the availability of various defenses, those differences do not materially affect the 'two fundamental elements' of an unjust enrichment claim—that "the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff'"); *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. 2009) ("While there are minor variations in the elements of unjust enrichment under the laws of the various states, those differences are not material and do not create an actual conflict"; granting plaintiffs' motion for Rule 23 class certification on class unjust enrichment claim); *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007) ("Although there are numerous permutations of the elements of the [unjust enrichment] cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements -- the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state.").

SALAS LAW FIRM, P.A.

*Diane Bartholomew et al. v. Lowe's*
Case No.: 2:19-cv-00695

Furthermore, there is, as of yet, no discovery responses from Lowe's (see Doc. [51], due April 3, 2020) which will presumably shed light as to all the other states where other sales associates, like Plaintiffs, worked, as well as providing the applicable state laws for quantum meruit and unjust enrichment. Also, there is no pending motion for conditional class certification, the procedural paper which triggers the inquiry as to commonality / groupability, including whether the laws of the applicable states are similar enough to allow for class certification. Put another way, it is not Plaintiffs' burden here, in a response in opposition to a motion to dismiss, to articulate the contours of the putative applicable states' laws, nor to demonstrate uniformity among the applicable states, or to identify all classes and/or subclasses of putative plaintiff-classes based on conjecture and zero discovery. *See, e.g., Gelfound v. MetLife Ins. Co.*, 313 F.R.D. 674, 677 (S.D. Fla. 2016) (denying plaintiffs' motion for class certification; noting "Plaintiff bears the burden of demonstrating that there is uniformity in the applicable legal standards among the laws of the 46 states at issue") (citation omitted); *cf. Dapeer*, 2015 U.S. Dist. LEXIS 177097, at *10 (recommending denying plaintiffs' motion for class certification on unjust enrichment claims for two subclasses because there were unexplained differences between unjust enrichment laws of the affected states). Furthermore, despite the statements in its Motion, Florida Courts do allow unjust enrichment class claims to proceed even when class members live in various states with different iterations of state laws, and even where the unjust enrichment classes are subdivided and necessarily include some individualized inquiry into each class members' individual circumstances. *See, e.g., In re Checking Account Overdraft Litig.*, 307 F.R.D. 656, 681 (S.D. Fla. 2015) ("The Court also finds that the creation of subclasses to address variations in state law [including as to unjust enrichment class claim] is appropriate here and makes these cases manageable and suitable for class treatment;" dividing, after discovery, state-law classes into four

distinct subgroups). Put simply, it is not Plaintiffs' burden in this paper to guess as to which states contains Lowe's employees that might be future class members and/or to guess as to which states' laws may be applicable to the class(es) of Lowe's employees, prior to any discovery responses and/or prior to a class certification motion. Accordingly, Lowe's Motion is due to be denied.

### IV. Class Treatment Of Equitable Claims Is Appropriate, Even If There Is Some Individualized Inquiry Into Each Class Members' Individual Circumstances.

Given that no discovery has yet been provided by Lowe's in response to Plaintiffs' discovery requests and that no class certification motion is pending, any ruling by this Court on the issue would be premature and inappropriate at the 12(b)(6) stage. *See, e.g., Reyes v. AT&T Mobility Servs. LLC*, 801 F. Supp. 2d 1350, 1360 (S.D. Fla. 2011) ("[T]o the extent Defendant requests that the Court delve into individualized classification questions, I believe a fair reading of the law is that this is not appropriate in a situation, such as here, where the Defendant uses the same general term to describe all members of the class and discovery has not yet been conducted.") (report and recommendation), *adopted by*, 801 F. Supp. 2d 1350, 1352, 2011 U.S. Dist. LEXIS 90219, *1 (S.D. Fla. Feb. 28, 2011). And, while forecasting and defining the proposed classes and/or subclasses at the 12(b)(6) stage is difficult, if not impossible, one or more of the class questions and putative classes will or should be certified for the state law class claims upon proper motion. *See, e.g., Hyskaj v. New York New York Pizza, LLC*, Case No: 8:18-cv-00397-MSS-TGW, 2018 U.S. Dist. LEXIS 223380, *10 (M.D. Fla. Nov. 14, 2018) (allowing FLSA and unjust enrichment class claims to proceed together after 12(b)(6) motion).

That is, Plaintiffs will be required to and will (or should) meet their class certification burden to show that, while there may be some individualized inquiries into class members' individual circumstances (including identifying those persons who declined to change positions, those persons who continued selling, those persons who elected to retire and/or did so earlier than

*Diane Bartholomew et al.  v.  Lowe's*
*Case No.: 2:19-cv-00695*

planned, and/or elected to resign), overall the class(es) and questions are manageable and suitable for class treatment. Put another way, a sufficient nexus exists between the legal claims of the named class representatives, Plaintiffs, and those of the individual class members (those who worked as sales associates who received an allowance from February 2012 to February 2020) to warrant class certification, and none of plaintiffs' state law claims are antagonistic to would-be class members. Counts II and III of Plaintiffs' Complaint should be allowed to proceed and the Motion should be dismissed.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant's Motion To Dismiss Counts II and III, with prejudice, for the reasons set forth herein.

Respectfully submitted, this the 12th day of March, 2020.

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email:  michael@jpsalaslaw.com
Fla. Bar. No. 60859

//s//John P. Salas, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@jpsalaslaw.com
Fla. Bar. No. 87593

SALAS LAW FIRM, P.A.

*Diane Bartholomew et al.  v.  Lowe's*
Case No.: 2:19-cv-00695

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2020, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

//s//Michael G. Green II

## SERVICE LIST

McGuireWoods LLP
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Cameron G. Kynes, Esq.
Email: ckynes@mcguirewoods.com

McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202
Elena D. Marcuss, Esq.
Email: emarcuss@mcguirewoods.com

McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Bruce M. Steen, Esq.
Email: bsteen@mcguirewoods.com

SALAS LAW FIRM, P.A.