UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BARTHOLOMEW and MICHAEL
SHERRY, on behalf of themselves and
all others similarly situated

        Plaintiffs,

v.                                          Case No.: 2:19-cv-695-FtM-38MRM

LOWE'S HOME CENTERS, LLC,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Lowe's Home Centers, LLC's Motion to Dismiss (Doc. 54) and Plaintiffs Diane Bartholomew and Michael Sherry's (together "Bartholomew") Response in Opposition (Doc. 57). Lowe's also replied (Doc. 62). For these reasons, the Court denies the Motion.

## **BACKGROUND**[2]

This is an employment case. Bartholomew works at a Lowe's store as a sales associate. At one time, Lowe's paid sales associates the commissions (called "spiffs") that it received from the manufacturers for selling their products. So those employees earned an hourly wage plus spiffs. In 2012, Lowe's announced it would stop paying spiffs to sales associates.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The operative pleading is the Amended Complaint (the "Complaint") (Doc. 49). These are the facts it pleads, which the Court accepts as true. *Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

When it ended spiff pay, Lowe's adopted a scheme to pay sales associates an adjusted amount equal to fifty percent of their spiffs earned in 2011 (the "Allowance"). According to Lowe's, the point of ending spiff pay was to provide employees with stability. And the company told sales associates they would keep the Allowance arrangement as long as they remained hourly employees at a Lowe's store.

Then, in August 2019, Lowe's announced it would end the Allowance altogether. So after February 2020, sales associates no longer earn the Allowance. After learning of this Bartholomew sued. The Court dismissed the original pleading in part. (Doc. 45). Now, on the second go-round, the Complaint brings new state-law claims.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Lowe's moves to dismiss Counts 2 and 3. Those claims are for quantum meruit and unjust enrichment, respectively.

**A. Entitlement to Relief**

To start, Lowe's seeks dismissal on the grounds Bartholomew is not entitled to equitable relief. While sitting in diversity, the Court applies "the substantive law of the forum state . . . alongside federal procedural law." *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017) (citation omitted). Florida and South Carolina law apply to Counts 2 and 3 because the named Plaintiffs work in each state. Both states, however, have similar law where relevant.

Although separate causes of action, quantum meruit and unjust enrichment are more or less identical for pleading purposes. *Merle Wood & Assocs. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013). Those elements follow: "(1) the plaintiff conferred a benefit on the defendant, (2) the defendant had knowledge of the benefit, (3) the defendant accepted or retained the benefit conferred, and (4) the circumstances indicate that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 842 (11th Cir. 2013).[3]

In the Motion, Lowe's questions the last element. According to Lowe's, Bartholomew is an at-will employee who was notified of the compensation change well in advance. Still, Bartholomew kept working and receiving the exact pay Lowe's promised. As the argument goes, employers can freely change at-will employees' pay with proper notice, so there is nothing inequitable or unjust about the circumstances.

As an introductory matter, the Complaint does not specify many terms of Bartholomew's employment, like whether she is an at-will employee. On a motion to dismiss, the universe of facts is generally limited to a complaint's four corners. *E.g.*,

---
[3] *See also Star v. TI Oldfield Dev., LLC*, No. 9:17-cv-02489-DCN, 2018 WL 4501095, at *16 (D.S.C. July 24, 2018) (quoting *Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P.*, 684 S.E.2d 756, 764 (S.C. 2009)).

3

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). At this point, it is difficult for the Court to make any definitive ruling about the equities with incomplete knowledge of the employer-employee relationship at issue.

On the substance of the challenge, the Court concludes dismissal is improper at this time for two reasons.

First, as Bartholomew argues, Lowe's does not point to any controlling or persuasive authority standing for the proposition at-will employees cannot bring equitable claims based on modifications to their compensation if they have notice of the change. Nor has the Court found any cases that held as much. Most cases Lowe's cites were decided at summary judgment, when there is a much thicker record to decide the equitable claim. And none hold—as a matter of law—plaintiffs cannot make out such a claim. Rather, there were no grounds for equitable relief in those cases based on the facts.[4] At bottom, the initial burden is on Lowe's to show Bartholomew cannot state a claim, and it failed to carry that burden. *See, e.g.*, *Cull v. City of Orlando, Fla.*, No. 6:14-cv-870-Orl-41DAB, 2014 WL 12639866, at *3 n.3 (M.D. Fla. Dec. 1, 2014).

Second, Lowe's argument fails given Bartholomew's theory. In the Motion, Lowe's argued Bartholomew was always paid what Lowe's said it would pay. But Counts 2 and 3 are based on Lowe's reneging on its promise to pay Bartholomew the Allowance for as long as she remained an hourly employee (i.e., Lowe's didn't pay what it promised). In its reply, Lowe's makes new argument on the sufficiency of the pleading for Counts 2 and 3. Because those arguments could have been made in the Motion, the challenge could

---

[4] The closest Lowe's comes is a South Carolina case estopping the plaintiff's challenge to his compensation change because he impliedly consented. *Facelli v. Se. Mktg. Co.*, 327 S.E.2d 338, 339 (S.C. 1985). That case, however, is distinguishable because Bartholomew did not impliedly consent to the change—she filed a federal lawsuit.

be denied on that basis alone. *E.g.*, *ZSR Patlayici Sanayi A.S. v. Sarac Distribs. LLC*, No. 2:19-cv-864-FtM-38MRM, 2020 WL 1065231, at *2 (M.D. Fla. Mar. 5, 2020) ("District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." (citation omitted)). But even leaving that aside, the allegations—taken as true—are enough to survive dismissal.

Lowe's says the Complaint does not allege Lowe's received a benefit from Bartholomew not seeking other employment. The Complaint shows otherwise. It specifically pleads Bartholomew conferred a benefit on Lowe's by working as a sales associate "under the assurances and promises of Lowe's that" she will continue to earn the Allowance so long as she remains an hourly sales associate. (Docs. 49 at 19, 24-25). Then, the Complaint clarifies Lowe's received the benefit of Bartholomew's "sales prowess and acumen" as a sales associate, leading to "profits on sales due in part to [her] sales experience and expertise." (Docs. 49 at 19, 25). Put another way, the Complaint states a plausible benefit to Lowe's of not losing its experienced workforce of sales associates when it eliminated spiffs in exchange for the Allowance.

Also, Lowe's contends there are no allegations on its knowledge of the benefit. Again, however, the Complaint pleads Lowe's knew about the alleged benefits by pointing to two statements Lowe's employees made about the Allowance. (Docs. 49 at 20, 25). Moreover, Lowe's contention Bartholomew does not allege she had a reasonable expectation to keep earning the Allowance in exchange for not seeking new employment falls flat. This ignores the specific allegations Bartholomew expected the Allowance to continue and relied on promises Lowe's made to remain a sales associate rather than look for work elsewhere. (Docs. 49 at 21, 27).

To be sure, these claims may ultimately fail. But accepting the well-pled allegations as true, Counts 2 and 3 are enough to go forward. So the Motion is denied as it relates to entitlement to relief.

**B. Class Treatment**

Next, Lowe's contends both claims should be dismissed because they are inappropriately pled on a class-wide basis. Lowe's says applying the law of several jurisdictions for the claims will swamp predominance and individualized inquiries render class certification untenable. In part, Bartholomew counters it is premature to address those issues before class certification. The Court agrees with Bartholomew.

"Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification." *MRI Assocs. of St. Pete v. State Farm Mut. Auto. Ins.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010). Inevitably, however, "class certification is an evidentiary issue" requiring "the court to probe behind the pleadings before coming to rest on the certification question." *Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)). "Dismissing class allegations at the pleading stage is the functional equivalent of denying class certification." *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 305 F. Supp. 3d 1342, 1347 (M.D. Fla. 2018). So to dismiss at this point "is an *extreme remedy* appropriate only where a defendant demonstrates *from the face of the complaint that it will be impossible to certify* the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove." *James D. Hinson Elec. Contracting Co. v. AT&T Servs., Inc.*, No. 3:13-cv-29-J-32JRK, 2014 WL 1118015, at *3 (M.D. Fla. Mar. 20, 2014) (citation omitted).

Given that high bar, it is unsurprising several Middle District courts called class certification challenges "unsuitable for a motion to dismiss." *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 631931, at *2-3 (M.D. Fla. Feb. 18, 2014) (citation omitted). Instead, challenges to the maintenance of a class are more appropriate after some discovery or on a motion for class certification. *Burke v. Credit One Bank, N.A.*, No. 8:18-cv-00728-EAK-TGW, 2019 WL 1468536, at *2-3 (M.D. Fla. Feb. 5, 2019).

Lowe's challenge to Counts 2 and 3 are premature. This is not a case in which a peek at the Complaint can determine class treatment is inapposite. *See Mills v. Foremost Ins.*, 511 F.3d 1300, 1309-10 (11th Cir. 2008). And Lowe's raises no authority that dismissed in a situation with little to no discovery taken. Indeed, each case Lowe's cites was decided at the class certification stage. The Court expresses no opinion on the viability of Counts 2 and 3 class wide. Instead, it is prudent to leave those matters for a later date. And the Motion is denied on this basis too.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Counts II and III of Plaintiffs' Amended Complaint (Doc. 54) is **DENIED**.

2. Defendant must **ANSWER** the Amended Complaint (Doc. 49) **on or before April 20, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record