UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BARTHOLOMEW and MICHAEL
SHERRY, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.                                         Case No.:  2:19-cv-695-FtM-66MRM

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Strike Certain Affirmative Defenses.  (Doc. 65). Defendant filed a response in opposition and the matter is ripe.  (Doc. 71).  For the reasons set forth below, the Undersigned recommends that Plaintiffs' Motion (Doc. 65) be **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

This dispute is a purported class action between Plaintiffs and their employer.  (*See* Doc. 49).  The First Amended Class Action Complaint alleges three causes of action:  (1) Disparate Impact in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 *et seq*.; (2) Contract Implied in Fact/Quantum Meruit; and (3) Contract Implied in Law/Unjust Enrichment.  (*Id*. at 11, 17, 23).  Specifically, Plaintiffs challenge a corporate policy Defendant instituted that Plaintiffs allege "disproportionately impacted" Defendant's "class of older sales associates."  (*Id*. at 9).  Plaintiffs also claim that this policy breached an implied contract with Plaintiffs and that Defendant unjustly enriched itself by retaining certain monetary benefits Defendant allegedly assured would go to Plaintiffs.  (*See id*. at 21-22, 27).

Defendant Answered the Amended Complaint and, *inter alia*, raised fifteen affirmative defenses. (Doc. 64 at 12-14). Of these fifteen affirmative defenses, Plaintiffs seek to strike the following: 1, 2, 4, 6, 8, 9, 10, 11, 12, 13, and 14. (Doc. 65 at 1). Thus, the Undersigned begins by reciting the applicable legal standard before addressing each affirmative defense at issue below, separately.

## LEGAL STANDARD

Fed. R. Civ. P. 8(c) governs affirmative defenses, stating that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-cv-855-FTM-29CM, 2017 WL 2544872, at *1 (M.D. Fla. June 13, 2017) (quoting *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999)). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a "'motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Board of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

Additionally, "[a]n affirmative defense will be stricken if it is insufficient as a matter of law." *Herman v. SeaWorld Parks & Entm't, Inc.*, No. 8:14-cv-3028-T-35EAJ, 2015 WL

2

12859432, at *2 (M.D. Fla. June 16, 2015) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  "A defense is insufficient as a matter of law only if:  (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."  *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

There is also some question whether the pleading standard articulated in *Twombly/Iqbal* applies to affirmative defenses.  *Compare Herman*, 2015 WL 12859432, at *3 (concluding that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses), *with Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-CV-232-FTM-38, 2015 WL 4496101, at *1 (M.D. Fla. July 23, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007), and stating "[a] pleader must . . . plead enough facts to state a plausible basis for the claim").  The Court has not found, and the parties do not cite, any binding authority by the Eleventh Circuit on this issue.  Nonetheless, this Court has previously held that "a defendant is required to plead sufficient relevant factual 'allegations connecting the defense to [the plaintiff's] claims in th[e] case.'"  *Daley v. Scott*, No. 2:15-cv-269-FTM-29DNF, 2016 WL 3517697, at *2 (M.D. Fla. June 28, 2016) (alterations in original) (citing *Schmidt v. Synergentic Commc'ns, Inc.*, No. 2:14-cv- 539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015)).

Additionally, "compliance with Rule 8(c) requires a defendant to set forth 'some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint,' so as to provide the plaintiff fair notice of the grounds upon which the defense rests." *Williamceau*, 2017 WL 2544872, at *1 (quoting *Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016)).  As a result, if an

3

affirmative defense consists of nothing more than "bare bones conclusory allegations, it must be stricken." *Merrill*, 2015 WL 4496101, at *1 (quoting *Microsoft Corp.*, 211 F.R.D. at 684).

The Undersigned now turns to the individual affirmative defenses at issue.

## DISCUSSION

### A.     Affirmative Defense No. 1

Defendant's first affirmative defense is as follows: "Plaintiffs' Amended Complaint fails to state claims against Defendant upon which relief may be granted." (Doc. 64 at 12). Plaintiffs argue that the "defense as presently set forth is insufficient as it fails to identify the counts or elements for which Plaintiff [sic] cannot allegedly state a claim, and, as such, should be stricken." (Doc. 65 at 3). The Eleventh Circuit has held that "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. Nevertheless, striking the improper affirmative defense is unnecessary because the Court may, instead, construe it as a denial. *See*, *e.g.*, *Maglione-Chenault v. Douglas Realty & Dev., Inc.*, No. 2:13-cv-0811-FtM-SPC-CM, 2014 WL 1389575, at *3 (M.D. Fla. Apr. 9, 2014) (citing *Rosada v. John Wieland Homes & Neighborhoods, Inc.*, No. 3:09-CV-653-J-20MCR, 2010 WL 1249841, at *2 (M.D. Fla. Mar. 25, 2010)). Accordingly, the Undersigned recommends that the Motion be denied as to this affirmative defense and that, instead, the Court construe this defense as a denial.[1]

### B.     Affirmative Defense No. 2

Defendant's second affirmative defense states that "Plaintiffs and/or any putative class members are barred from any relief or remedy due to their failure to exhaust administrative

---

[1] Plaintiffs "acknowledge[] that some courts have treated 'failure to state a claim' affirmative defense as a 'denial' and declined to strike it, but instead deemed it a 'denial.'" (Doc. 65 at 3 n.1).

4

remedies." (Doc. 64 at 12). Plaintiffs argue that this affirmative defense "is insufficient and/or incomplete as it is simply a conclusory allegation which is baseless and contrary to the undisputed papers/charges previously filed with the Court." (Doc. 65 at 4). In particular, Plaintiffs cite several cases for the proposition that "Courts developed an exception [to filing an administrative charge of discrimination with the EEOC] in class action cases . . . by 'piggybacking' onto a timely charge filed by one of the named plaintiffs in the class action." (*Id.* at 3 (citing cases)).

Defendant recognizes this "single-filing" or "piggybacking" rule but still argues that "the allegations in Plaintiffs' Amended Complaint are not clearly limited to the scope of those charges, litigants frequently attempt to go beyond the scope of their administrative charges as litigation progresses, and it is premature to determine the applicability of an exception to the exhaustion rule." (Doc. 71 at 5). Defendant concludes that because "this defense is legally viable and Plaintiffs do not even attempt to claim it would cause prejudice, it should not be stricken." (*Id.*).

"Ordinarily, every employee who intends to sue for age discrimination must first file an administrative charge of discrimination with the EEOC," but as the parties seemingly agree, "[u]nder the 'piggybacking rule,' a putative plaintiff who has not filed an EEOC charge, however, may rely upon the claim of a plaintiff who has filed a timely charge." *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1239 (11th Cir. 2004) (applying piggybacking rule to ADEA cases). Yet by its own admission, Defendant is not challenging any fact or legal conclusion in Plaintiffs' Amended Complaint and posits instead that Plaintiffs *may* seek "to go beyond the scope of their administrative charges as litigation progresses." (Doc. 71 at 5 (citing Docs. 49-1, 49-2)). This argument, by definition, is "immaterial" to Plaintiffs' claims as it does not

5

challenge a specific charge Plaintiffs have made but speculates as to an unstated claim. *See* Fed. R. Civ. P. 12(f). At the very least, as written, the affirmative defense is legally inapplicable to the charges in Plaintiffs' actual filing. (*See* Docs. 49-1, 49-2). Therefore, the Undersigned recommends granting Plaintiffs' Motion as to this affirmative defense but allowing Defendant leave to amend the defense, if appropriate.

### C. Affirmative Defenses Nos. 4 and 6

These respective affirmative defenses state: "Plaintiffs' claims are not actionable because Defendant's actions were not because of age" and "Plaintiffs' claims are not actionable because Defendant's actions did not have an adverse impact on older employees." (Doc. 64 at 12). Plaintiffs argue that these affirmative defenses are "bare bone conclusory allegations and fail to sufficiently identify facts so as to properly put the Plaintiff [sic] on notice of the specific defense alleged" and, in particular, "are conclusory [] because the only ADEA claim presently in this action is for disparate impact." (Doc. 65 at 4, 5). Plaintiffs go on to argue that Defendant "is attempting to inject legal terms of art [] into affirmative defenses, which are not appropriate or allowable affirmative defenses (without more) in light of the nature of the case and are due to be stricken." (*Id.* at 5). Put differently, Plaintiffs argue that these "defenses are simply statements of law and should be stricken." (*Id.*).

In response, Defendant argues that both "of these defenses are legally viable and, again, Plaintiffs do not even attempt to claim their inclusion causes prejudice; nor is there any way they could cause prejudice." (Doc. 71 at 6). Defendant also argues that "Defense No. 4 obviously serves to counter Plaintiffs' ADEA claim, as the ADEA prohibits discrimination because of such individual's age." (*Id.* (citing 29 U.S.C. § 623(a)(1))) (internal quotations omitted). While Defendant acknowledges that Plaintiffs assert a claim for disparate impact rather than disparate

treatment, Defendant notes that Plaintiffs "have expressly reserved the right to revive their disparate treatment claims" and that "both theories rely on the same statutory language, which prohibits discrimination." (*Id.*; *see also id.* at n.3 (citing Docs. 48 and 49)). "Similarly," Defendant argues, "Defense No. 6" places Plaintiffs on notice of certain issues Defendant intends to assert against Plaintiffs' claims and does not affect how the parties will proceed. (*Id.*).

To reiterate, "[m]otions to strike are ordinarily denied unless the allegations *have no possible relation* to the controversy and *may cause prejudice* to one of the parties." *Gibson v. JetBlue Airways Corp.*, No. 6:18-cv-1742-Orl-40TBS, 2019 WL 3206925, at *3 (M.D. Fla. July 16, 2019). And here "Defendant's affirmative defenses . . . suffice for litigation purposes." *Id.* These affirmative defenses, at a minimum, put Plaintiffs on notice that Defendant's actions were not age-based and, more importantly, Plaintiffs fail at all to argue how these affirmative defenses prejudice Plaintiffs. Accordingly, the Undersigned recommends denying Plaintiffs' Motion as to these defenses.

### D. Affirmative Defense No. 8

In this affirmative defense, Defendant claims that it "acted at all times in good faith and with a reasonable belief that its actions were not in violation of law, and did not act in reckless disregard for or willful violation of any law." (Doc. 64 at 13). Plaintiffs again allege that this affirmative defense "is a bare bone conclusory allegation [that] fails to sufficiently identify facts" and urge the Court to strike the defense or allow Defendant leave to amend "including with a requirement to expand on the defense with a citation to the appropriate provision of the ADEA and with facts underlying the purported defense." (Doc. 65 at 6). Defendant argues in response that this affirmative defense directly challenges Plaintiffs' claim for liquidated damages and cites various cases standing for the proposition that courts may deny or reduce liquidated damages if

an employer acted in good faith and did not violate the ADEA willfully. (*See* Doc. 71 at 7) (citing cases).

Here, this affirmative defense asserts a "good faith" defense to liability. "The good faith defense may serve to reduce damages even if everything alleged in the Complaint is true." *Gibson*, 2019 WL 3206925, at *4 (refusing to strike similar good-faith affirmative defense). Thus, the Undersigned recommends denying Plaintiffs' Motion as to this affirmative defense.

### E.     Affirmative Defense No. 9

This affirmative defense states that "Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches or unclean hands." (Doc. 64 at 13). Plaintiffs argue this affirmative defense is a "bare bone conclusory allegation and fails to sufficiently identify facts so as to properly put the Plaintiff [sic] on notice of the specific defense alleged." (Doc. 65 at 6). In response, Defendant argues that "Plaintiffs' Amended Complaint naturally give rise to the two specific affirmative defenses [sic] that Defendant has asserted here – laches and unclean hands." (Doc. 71 at 8). Specifically, Defendant points to Plaintiffs allegations that "Defendant made promises to them in 2012 regarding their compensation" and certain actions Plaintiffs took "despite their awareness the [sic] Defendant has the right to change its compensation practices, and despite their acceptance of changes that benefitted them without clarifying those alleged promises." (*Id*. at 8 (citing Doc. 49 at 4-5)).

The Undersigned agrees with Defendant that this affirmative defense has a possible relationship to this controversy and may be legally viable, but the Undersigned finds that it is otherwise conclusory because it lacks any factual support. Accordingly, the Undersigned recommends granting Plaintiffs' Motion with respect to this affirmative defense but allowing

8

Defendant leave to amend to add the additional factual detail Defendant provided in its opposition to the motion to strike.

### F.     Affirmative Defenses Nos. 10, 11, 12, 13, and 14

The remaining affirmative defenses at issue are:

> **Tenth Defense**: Plaintiffs' claims fail because they were at-will employees who were compensated for their work.
>
> **Eleventh Defense**: Plaintiffs' equitable claims are barred to the extent they are seeking amounts above and beyond what was promised for the work they performed.
>
> **Twelfth Defense**: Plaintiffs' equitable claims fail because they cannot show that Defendant requested that they not seek other employment or had knowledge of that purported benefit.
>
> **Thirteenth Defense**: Plaintiffs' equitable claims fail because they cannot show that Defendant was enriched by Plaintiffs' decisions, if any, not to seek other employment opportunities.
>
> **Fourteenth Defense**: Plaintiffs' equitable claims fail because they cannot show that they had a reasonable expectation of compensation for not seeking other employment.

(Doc. 64 at 13-14).

Plaintiffs characterize these affirmative defense as "mere denials of Plaintiff's [sic] factual allegations in the Complaint and/or impermissible 'threadbare defenses' without any factual basis and/or are so vague and bare bones [sic] conclusions that they are or should be considered 'redundant, immaterial, impertinent, and/or scandalous' under Rule 12(f) as statements of Defendant's theory of the case rather than permissible defenses." (Doc. 65 at 7). Defendant confusingly argues "[c]ontrary to Plaintiffs' characterization, *these are not affirmative defenses* and thus *should be treated as denials* rather than being stricken." (Doc. 71 at 9 (emphasis added)). But Defendant later states "these defenses are legally viable and Plaintiffs do not attempt to claim their inclusion causes prejudice. Thus, they should not be stricken."

9

Beyond this, Defendant only argues that these defenses place Plaintiffs on notice of the issues Defendant will assert against Plaintiffs' claims and that "[e]ach defense asserted respond to a different aspect of Plaintiffs' equitable claims and is based on the allegations in Plaintiffs' Amended Complaint." (*Id.*). "If anything," Defendant argues, "by including these defenses, Defendant has provided more information than it is legally required to provide to Plaintiffs at this point in the proceeding." (*Id.*). Here, based upon the parties' arguments, the Undersigned agrees with Plaintiffs that these affirmative defenses are properly characterized as denials, a conclusion that Defendant concedes. (*See* Doc. 71 at 9). Thus, the Undersigned recommends denying Plaintiffs' Motion and instead construing these affirmative defenses as denials. *See*, *e.g.*, *Maglione-Chenault*, 2014 WL 1389575, at *3.

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiffs' Motion to Strike Certain Affirmative Defenses (Doc. 65) be **GRANTED IN PART** and **DENIED IN PART** as set forth above.

2. The Court allow Defendant leave to amend the affirmative defenses identified above and require Defendant to file an Amended Answer by a date certain.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on September 15, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties