UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BARTHOLOMEW, *et al*,

      Plaintiffs,

                                     CASE NO.:  2:19-cv-00695-SPC-MRM

v.

LOWE'S HOME CENTERS, LLC*,*

      Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MOTION FOR SHOW CAUSE ORDER AND TO UNSEAL DOCUMENTS**

Defendant Lowe's Home Centers, LLC ("Lowe's"), hereby responds to Plaintiffs'

Motion for Show Cause Order and to Unseal Documents ("Motion"):

**I.      Introduction**

In response to Plaintiffs' discovery requests, Lowe's produced thousands of pages of

documents, including hundreds of pages of print-outs from its internal employee

communication forum called "Connections." The Connections communications include

discussions between hundreds of Lowe's employees identified by name, who share as part of

their discussions personal email addresses, compensation information, employment history,

and other personal information, including information about employees' family members and

prior litigation. In order to protect the sensitive information of employees that have nothing

to do with this case, Lowe's designated the Connections communications "Confidential"

pursuant to the Agreed Protective Order. Dkt. 75.  Because it was able to designate these

communications "confidential," Lowe's did not redact this information in order to facilitate

the discovery process in this matter and to give Plaintiffs access to the information.  Lowe's did so, with the understanding, pursuant to the Agreed Protective Order entered in this matter, that if Plaintiffs had a concern about a particular designation, the parties would meet and confer to try to resolve the concern.

Without meeting and conferring, challenging any specific designation, or attaching a single Connections communication, Plaintiffs ask the Court to order Lowe's to justify all confidentiality designations placed on the Connections communications. Plaintiffs also ask the Court to unseal all documents that contain information from Connections, namely their memorandum in support and some of the exhibits to their Motion for Conditional Class Certification, which they previously asked the Court to file under seal. Dkts. 82, 83, 85 and 92.

The Motion should be denied because Plaintiffs ignored the process for challenging designations provided in the Agreed Protective Order and failed to confer regarding this Motion as required by Local Rule 3.01(g). These failures are not merely procedural; instead they undermine the purpose of the protective order, which is to simplify the exchange of documents and to limit judicial intervention to material disputes.

Plaintiffs' Motion also should be denied because they have not articulated a need to remove the confidentiality designations. Plaintiffs are not seeking access to the information in the confidential documents—they already have it. And they are not seeking to utilize the information in support of their claims—they already relied on the information they deem relevant in support of their Motion for Conditional Class Certification. Dkts. 82 and 92. The confidentiality designations have neither hindered Plaintiffs' efforts nor impeded the Court's

2

ability to consider the issues in the case, and yet Plaintiffs seek judicial intervention regarding an unspecified number of unidentified documents.

Finally, the Motion should be denied because the confidentiality designations protect legitimate employee privacy interests and Lowe's interest in protecting employee privacy outweighs Plaintiffs' interest, if any, in public disclosure.

## II.      Argument

### a.      Plaintiffs Ignored the Agreed Protective Order and Local Rule 3.01(g).

Protective orders are commonplace in complex litigation and serve "to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Under such orders, once a party has designated a document as confidential, the challenging party bears "the burden of raising the issue of confidentiality with respect to individual documents…." *Id.* This process ensures that "judicial review will then be limited to those materials relevant to the legal issues raised." *Id.* "History has confirmed the tremendous saving of time effected by such an approach." *Id.*

In this case, the parties agreed to a Protective Order, which the Court entered on June 23, 2020. The Order requires that that the challenging party "initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge." Dkt. 75, § 12(b). Then the parties are to "attempt to resolve each challenge in good faith." Dkt. 75, § 12(b). A challenging party may only seek

judicial intervention if they have "engaged in this meet and confer process first or establish that the designating Party is unwilling to participate." Dkt. 75, § 12(b).[1]

Here, Plaintiffs' Motion should be denied because Plaintiffs did not engage in the dispute resolution process as required by the Agreed Protective Order. *See Local Access, LLC v. Peerless Network, Inc.*, No. 617CV236ORL40TBS, 2019 WL 5186091, at *3 (M.D. Fla. June 21, 2019) ("The failure to follow the procedure set forth in the Protective Order is reason enough to deny the motion."). Plaintiffs incorrectly claim that the parties conferred about the designation of the Connections postings as confidential before Plaintiffs filed this Motion. Dkt. 104, p. 3. The email they cite is from October 12, 2020, when Lowe's' counsel notified Plaintiffs' counsel that Plaintiffs had publicly filed the memorandum in support of their Motion for Conditional Class Certification on the docket despite the cover sheet stating that it was "SUBMITTED 'UNDER SEAL.'" Dkt. 104-2. In response on October 13, 2020, Plaintiffs' counsel reported that he inadvertently publicly filed confidential information, and said he would call the clerk to rectify the issue. Dkt. 104-2. In the same email, Plaintiffs' counsel noted his disagreement with the confidentiality designations generally, but he did not ask Lowe's to change any designations or indicate he would challenge them. Dkt. 104-2.

More importantly, Plaintiffs have failed to individually identify "each designation" being challenged or describe the "basis for each challenge." Dkt. 75, § 12(b). Instead, without providing a single example, they make a blanket demand that Lowe's reclassify the confidentiality designations on all the Connections communications. This approach violates

---

[1] The Order further provides that if the parties cannot resolve the issue, the challenging party "shall file and serve a motion to remove or reduce confidentiality," rather than a motion for a show cause order, as Plaintiffs have filed. Dkt. 75, § 12(c).

both the Agreed Protective Order and the rule in this Circuit that the challenging party bears "the burden of raising the confidentiality with respect to *individual* documents." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (emphasis added); *see also Giddy Up, LLC v. Prism Graphics, Inc.,* No. 3–06–CV–0948, 2007 WL 2460646, at *2 (N.D. Tex. Aug. 29, 2007) (protective order on confidentiality implicitly requires party challenging a designation "to identify the *specific* documents at issue so that the attorneys can attempt to negotiate an acceptable resolution of the matter," and rejecting "blanket request to reclassify *all* documents designated as 'attorneys eyes only'").

Plaintiffs' lack of clarity and specificity extends to the relief they seek in this Motion. Plaintiffs ask the Court, if it deems the Connections posting non-confidential, to unseal the documents containing information from Connections, which includes their class certification memorandum and its exhibits (both of which quote from the Connections communications). Dkt. 104, p. 1. However, the Connections communications consist of hundreds of pages of documents and contain far more information than Plaintiffs are relying on in their motion. Thus, even if the Connections information on which Plaintiffs rely in the memorandum and exhibits is considered non-confidential, that does not mean that all information in all of the Connections communications should be deemed non-confidential; Plaintiffs make no effort here to parse the difference. Also, the Connections communications are not the only confidential documents that Plaintiffs rely on in the memorandum and exhibits. Thus, even if the Connections communications relied on are not confidential, the memorandum and exhibits should not be unsealed in their entirety. Plaintiffs' Motion does not address these issues.

Finally, even putting aside for a moment the specific meet and confer obligations in the Agreed Protective Order, Plaintiffs' Motion should be denied because Plaintiffs' counsel did not confer with Lowe's counsel prior to filing as required by Local Rule 3.01(g). *See Esrick v. Mitchell*, No. 5:08-CV-50-OC-10GRJ, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008) ("Failure to comply with the good faith certification requirement of … Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party."). Plaintiffs' counsel did not make reasonable efforts to confer with Lowe's to try to reach an agreement before filing this Motion. Dkt. 104, p. 5.  A single email two months before the Motion, sent in response to notice of an improper filing, is hardly a good faith effort to resolve the issues.  The first time Lowe's learned of the Motion and the relief sought therein was when it was filed. This is the second time in this litigation that Plaintiffs have filed a motion without conferring with Lowe's about it in advance. *See* Dkt. 65.

### b.    Plaintiffs Have Not Articulated a Need to Remove the Confidentiality Designations.

Providing for judicial intervention in a protective order does not grant the parties "free reign to obtain rulings on 'confidential' designations." *Moore v. Lender Processing Servs., Inc.*, No. 312-CV-205-J-99TJC, 2012 WL 4953127, at *3 (M.D. Fla. Oct. 17, 2012) (*quoting In re Seroquel Prod. Liab. Litig.*, No. 606MD-1769-ORL-22DAB, 2008 WL 508393, at *2 (M.D. Fla. Feb. 21, 2008)). Instead, judicial review should "be limited to those materials relevant to the legal issues raised." *In re Alexander Grant & Co. Litig.*, 820 F. 2d at 356. To that end, a party should "not seek judicial intervention unless and until she wishes to utilize the challenged document…." *Moore*, 2012 WL 4953127, at *3.

Here, Plaintiffs seek judicial intervention even though they are not seeking to utilize a challenged document and have not identified any need to remove the confidentiality designations from the Connections communications.  As noted above, Plaintiffs did not attach the actual Connections communications in their certification motion; rather they relied on excerpts from those documents that were compiled into declarations.  And they are not seeking to do so now.  Instead, it appears that Plaintiffs are trying to use the confidentiality designations as an excuse for their failure to sustain their burden on class certification to show that there are other employees who desire to join this lawsuit.  It appears that Plaintiffs are also seeking to have the Connections communications deemed non-confidential in the hope that, if they are permitted to list in a public filing the names of the individuals who Plaintiffs think might want to join the lawsuit (based on comments on Connections), that those individuals will see the filing and then maybe will opt-in.  This is not a proper use of discovery material containing Lowe's employees' personal information.

Lowe's' confidentiality designations have not limited their ability to access and utilize the information to support their claims.  Indeed, they have already used the information, filed under seal, that they believe supports their Motion for Class Certification.  Accordingly, the relief requested serves no purpose and the Motion should be denied.

c.    **The Connections Communications Are Entitled to Continued Confidentiality Protection.**

i.    **Good Cause Exists For the Confidentiality Designations.**

Lowe's has not prevented Plaintiffs from obtaining the Connections communications or even designated such documents Attorney's Eyes Only. Instead, Lowe's merely seeks to

preclude Plaintiffs from publishing these communications on the public record. Good cause

exists for maintaining the confidentiality designations for this limited purpose.

As Lowe's explained in its motion to file certain Connections communications under

seal, which Plaintiffs did not oppose, the protection of Lowe's employees' privacy interests

constitutes "good cause" for the confidentiality designations. Dkt. 95; *see Dozier v. Waffle*

*House, Inc.*, No. 1:03-CV-3093-ODE, 2005 WL 8154381, at *13 (N.D. Ga. May 4, 2005)

("Waffle House has an interest in protecting the privacy of its employees").[2] The Court

granted Lowe's motion for leave and stated that Lowe's "provided sufficient information to

comply with M.D. Fla. R. 1.09(a) and to justify the relief requested." Dkt. 99.

Lowe's designated the Connections communications as confidential because they

include, among other things, employee names, personal email addresses, compensation

information, employment history, other personal information, including information about

employees' family members and prior litigation. Lowe's employees who are not parties to

this case have a legitimate privacy interest in keeping these communications containing

sensitive information out of the public sphere. *See, e.g., Dozier.*, 2005 WL 8154381, at *13

(finding "good cause" to protect documents with sensitive employee information including

addresses and pay rates); *D.C. v. Fraternal Order of Police, Metro. Police Dep't Labor*

*Comm.*, 75 A.3d 259, 267 (D.C. 2013) ("[T]he MPD employees have a cognizable privacy

---

[2] *See also Contino v. Winn-Dixie Stores, Inc.*, No. CV214-146, 2015 WL 2226229, at *3 (S.D. Ga. May 12, 2015) ("The employees' privacy interests also warrant the entry of a protective order…."); *Equal Employment Opportunity Comm'n v. Am. Tool & Mold, Inc.*, No. 8:12-CV-2772-T-35EAJ, 2013 WL 12155445, at *3 (M.D. Fla. July 17, 2013); *Dubai Islamic Bank v. Citibank*, 211 F. Supp. 2d 447, 449 (S.D.N.Y. 2001) (holding that confidentiality and privacy concerns over personal records of defendant's employees was good cause for entry of protective order); *Aevoe Corp. v. AE Tech Co.,* 2013 WL 5923426, at *2 (D. Nev. Nov. 1, 2013) (recognizing non-party employees' privacy interests as basis for sealing document).

interest in the nondisclosure of their names and identifying information."); *Hardesty v. Kroger Co.*, No. 1:16-CV-298, 2020 WL 3545676, at \*2 (S.D. Ohio June 30, 2020) ("Plaintiffs are correct that the privacy of employees, especially those who are not parties to the case, is a compelling interest in favor of nondisclosure of the document.").[3]

Plaintiffs contend that Lowe's employees could not have an expectation that their communications would not end up in the public sphere because (like most employers) Lowe's has a data security policy which provides that employees do not have an expectation of privacy regarding information placed on company computers. Dkt. 104, p. 1. This argument is without merit.

Notably, Plaintiffs had this document long before it agreed not to oppose Lowe's motion for leave to file Connections communications under seal. Regardless, this policy merely informs Lowe's employees that Lowe's has access to all information on its computer systems, and thus such information is not private. Of course, that does not mean that employees expect Lowe's to disperse such information publicly. To the contrary, as with health information, salaries, and personnel files, Lowe's employees expect that Lowe's will seek to protect their privacy to the extent possible. Plaintiffs cite no case law (and Lowe's has found none) supporting their claim that a general data security policy nullifies an

---

[3] *See also Corl v. Burlington Coat Factory of N. Carolina, LLC,* No. 1:10CV406, 2011 WL 2607942, at \*3 (M.D.N.C. June 30, 2011) (concluding that the defendant's former employees "have a compelling privacy interest in keeping their personal identifying information, as well as the fact and circumstances of their involuntary separation from employment with Defendant, out of the public record"); *Nettles v. Farmers Ins. Exchange*, No. C06–5164RJB, 2007 WL 858060, at \*1 (W.D. Wash. Mar.16, 2007) (granting motion to seal in part because information at issue related to nonparties "who have not sought to place [their] private information in the public sphere"); *Hardesty*, 2020 WL 3545676, at \*2 (finding that "the privacy interests at stake outweigh the public's interest").

employer's interest in keeping sensitive employee information out of the public sphere.[4]

                ii.        **Lowe's Interest in Protecting Sensitive Employee Information Outweighs Plaintiffs' Interest in Disclosure.**

Lowe's interests in maintaining the confidential nature of these documents far outweigh Plaintiffs' interests (if any) in publicizing them. As discussed above, Lowe's has a strong interest in protecting the personal privacy rights of its employees. Plaintiffs, by contrast, have identified no interest in disclosure. Normally, a requesting party seeks to remove a confidential designation to aid in the prosecution or defense of its case. *See, e.g., Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("District court's duty was to balance [party's] interest in obtaining the names and addresses of the study participants against the [other party's] interest in keeping that information confidential."). Here, however, Plaintiffs have already obtained the documents and are free to use the information within to develop their case. Thus, Plaintiffs' interest can only be to harass or embarrass Lowe's and its employees—clearly an interest deserving of no protection. *See Hayden Co. of N.Y., Inc. v. Siemens Med. Systems, Inc.*, 106 F.R.D. 551, 553, 556 (S.D.N.Y. 1985) (denying motion to modify protective order to release documents from protection, finding the only apparent motive of plaintiff's in seeking the modification was to harass defendants).

Plaintiffs do not (and could not) suggest that they, the press, or the general public have any constitutional or common-law "right of access" to all the Connections

---

[4] *United States v. Bailey*, 272 F. Supp. 2d 822 (D. Neb. 2003) is inapposite. In that case, the Court concluded that the employee did not have a sufficient expectation of privacy to render a search of his work computer a violation of his Fourth Amendment rights. The Court did not address the "good cause" standard or confidentiality designations.

communications produced in discovery. The Eleventh Circuit has repeatedly held that there exists no such general-public right of access to sort of pre-trial discovery materials at issue. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

### III.     Conclusion

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion for Show Cause Order and To Unseal Documents.

Dated: January 8, 2021.                                                RESPECTFULLY SUBMITTED,

                                                                                                 MCGUIREWOODS LLP

                                                                                                 /s/ Cameron G. Kynes
                                                                                                 Cameron G. Kynes
                                                                                                 Florida Bar No. 0116711
                                                                                                 50 North Laura Street, Suite 3300
                                                                                                 Jacksonville, Florida 32202
                                                                                                 Telephone:  (904) 798-2629
                                                                                                 Facsimile:   (904) 360-6335
                                                                                                 ckynes@mcguirewoods.com

                                                                                                 Bruce M. Steen
                                                                                                 Fifth Third Center
                                                                                                 201 North Tryon Street, Suite 3000
                                                                                                 Charlotte, North Carolina 28202
                                                                                                 Telephone:  (704) 353-6244
                                                                                                 Facsimile:   (704) 353-6200
                                                                                                 bsteen@mcguirewoods.com

                                                                                                 Elena D. Marcuss
                                                                                                 500 East Pratt Street, Suite 1000
                                                                                                 Baltimore, Maryland 21202
                                                                                                 Telephone:  (410) 659-4454
                                                                                                 Facsimile:   (410) 659-4547
                                                                                                 emarcuss@mcguirewoods.com

                                                                                                 *Trial Counsel for Defendant Lowe's*
                                                                                                 *Home Centers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Michael G. Green II, Esq.
> michael@jpsalaslaw.com
> John P. Salas, Esq.
> jp@jpsalaslaw.com
> SALAS LAW FIRM, P.A.
> 8551 West Sunrise Boulevard
> Suite 300
> Plantation, FL 33322
> *Counsel for Plaintiffs*

> /s/ Cameron G. Kynes
> Attorney

139549630_1