UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BARTHOLOMEW and
MICHAEL SHERRY, on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.                                  Case No.: 2:19-cv-695-JLB-MRM

LOWE'S HOME CENTERS, LLC,

      Defendant.

_____/

## ORDER

In this age discrimination case, Plaintiffs Diane Bartholomew and Michael Sherry, both employees of Defendant Lowe's Home Centers, LLC ("Lowe's"), move for conditional class certification and to facilitate notice on the putative classes under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b). (Docs. 82, S-90, S-92.) Upon consideration, Plaintiffs' motion (Doc. 82) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is an employment action. In short, Plaintiffs are both sixty-two years old and have worked for Lowe's in hourly positions as sales associates. (Doc. 49 at ¶¶ 7–8, 15.) In addition to their hourly pay, they were paid commissions on certain sales based on the "spiff" received from the manufacturer. (Id. at ¶¶ 17–19.) On

1

February 11, 2012, Lowe's replaced this commission income with an adjustment in pay, known as an "allowance," based on an employee's prior commission income. (Id. at ¶¶ 17, 21–22.)  Lowe's told Plaintiffs they would be entitled to the allowance if they remained hourly employees at a Lowe's store.  (Id. at ¶¶ 27, 29–32.)

In August 2019, Lowe's announced that the allowance pay would cease for all eligible employees on February 1, 2020.  (Id. at ¶ 39.)  After the allowance pay ceased, Plaintiffs brought this action on behalf of themselves and "all the other similarly-situated individuals . . . who have been or may have been affected," including "[c]urrent opt-in Plaintiffs, Willis Pelton (a fifty-four year old male) and Jason Slater (a forty-nine year old male), and Mark Easterling (a fifty-three year old male)."  (Id. at ¶¶ 2, 9.)  Plaintiffs bring three claims based on the termination of allowance pay: disparate impact in violation of the Age Discrimination in Employment Act (ADEA) (Count I)[1]; contract implied in fact / quantum meruit (Count II); contract implied in law / unjust enrichment (Count III).[2]  (Doc. 49.)  Prior motions to dismiss the claims were denied.  (Doc. 45 at 8-9; Doc. 63 at 3–6.)

---

[1] In support of this claim, Plaintiffs allege that "[e]mployees hired to work in sales associates' positions prior to 2012 were typically older persons and older than the average Lowe's new hire, often forty years or older as of 2012," and that Plaintiffs and "the class of older sales associates[] were disproportionately impacted by Lowe's decision to end the Allowance." (Doc. 49 at ¶¶ 20, 43.)

[2] Although separate causes of action, in Florida, quantum meruit and unjust enrichment generally have similar elements: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit; (3) the defendant accepted or retained the benefit conferred; and (4) the circumstances establish that it would be inequitable for the defendant to retain the benefit without paying fair

Plaintiffs now move "for conditional class certification and to facilitate notice on the putative classes." (Doc. 82 at 1.) Specifically, they move to conditionally certify a collective action as to the ADEA claim on behalf of:

> All persons employed by Defendant in an hourly position that worked for Defendant prior to February 11, 2012 and received an Allowance or were eligible to receive an allowance through February 1, 2020, that were born on or before August 1, 1979. . . . These persons needed to work for Defendant in an hourly position and needed to have received the Allowance, at least through the date of Defendant's decision to eliminate the Allowance (approximately August 1, 2019) . . . .

(Id. at 1–2.) And as to Counts II and III, Plaintiffs move to "[c]ertify the following class under Rule 23(b)(2) and/or (3)":

> All persons employed by Defendant in an hourly position that worked for Defendant prior to February 11, 2012 and received an Allowance or were eligible to receive an allowance through February 1, 2020. . . . These persons needed to work for Defendant in an hourly position and needed to have received the Allowance, at least through the date of Defendant's decision to eliminate the Allowance (approximately August 1, 2019) . . . .

(Id. at 2.) Lowe's opposes both requests for certification. (Doc. 96.)

## DISCUSSION

As will be explained, conditional certification and notice are warranted as to Plaintiffs' ADEA claim set forth in Count I of the Amended Complaint. Class certification is not, however, warranted as to their remaining claims.

---

value for it. Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC, 714 F.3d 1234, 1237 (11th Cir. 2013).

I.   Conditional Certification and Notice Are Warranted as to the ADEA Claim

Plaintiffs seek facilitation of notice and conditional certification of their ADEA claim under 29 U.S.C. § 216(b), which establishes an opt-in mechanism for collective actions.  See Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1215–16 (11th Cir. 2001).  District courts "have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . in ADEA actions by facilitating notice to potential plaintiffs."  Hoffmann-La Roche v. Sperling, 493 U.S. 165, 169 (1989).  Facilitating notice is appropriate where there are other individuals who desire to opt-in and are "similarly situated" to the plaintiffs.  Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567–68 (11th Cir. 1991).  The Eleventh Circuit has outlined a "two-tiered procedure" to certify collective actions under section 216(b).  Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).[3]

At the initial "notice stage," the district court decides, usually based on pleadings and affidavits, whether notice of the action should be provided to potential class members.  Id. (citation omitted).  This determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a

_____

[3] Courts using this approach "should treat the initial decision to certify and the decision to notify potential collective action members as synonymous."  Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1261 n.40 (11th Cir. 2008); see also Cameron-Grant, 347 F.3d at 1249 (noting differences between section 216(b) collective actions and Rule 23 class actions); Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." (citation omitted)).

representative class." Id. (citation omitted).  Upon conditional certification,

putative class members are provided notice and the opportunity to opt-in.  Id.

    The second stage of the conditional certification process typically follows a

defendant's motion for decertification filed after discovery is "largely complete" and

the court has more information to determine whether the claimants are "similarly

situated." Id. (citation omitted).  If the claimants are not similarly situated, the

court decertifies the class and dismisses the opt-in plaintiffs without prejudice.  Id.

    At this initial stage, Plaintiffs have satisfied the "fairly lenient" standard by

showing that notice of the action should be provided to potential class members.  To

begin with, Lowe's does not expressly dispute that the proposed class, as drafted by

Plaintiffs, would include individuals similarly situated to Plaintiffs as to the ADEA

claim.  (Doc. 82 at 1–2; Doc. 96.)

    Plaintiffs have also shown that there may be individuals who desire to opt-in

to the class.  Indeed, courts have allowed notice and conditional certification with as

few as one or two individuals expressing a desire to opt-in.  See, e.g., Pares v.

Kendall Lakes Auto., LLC, No. 13-20317-CIV, 2013 WL 3279803, at *5 (S.D. Fla.

June 27, 2013) (collecting cases).  To date, three individuals who fall within the

class have opted in.  (Docs. 1-5, 1-6, 5.)  Further, Plaintiffs' exhibits reflect that

additional individuals may also desire to opt-in.  For example, Plaintiffs declare

that they personally know other Lowe's employees who may desire to opt-in, and

the employees' comments published on an internal Lowe's blog suggest that some

employees are upset with the termination of the allowance pay.  (Doc. S-90-1 at ¶¶

5–11, 13; Doc. S-90-2 at ¶¶ 5–13.)  And one individual, Plaintiffs contend, filed a

charge of discrimination premised on the termination of allowance pay.  (Doc. S-90-

1 at ¶ 10(jj); Doc. S-90-23 at 1.)

Lowe's responds that Plaintiffs' averments are unsubstantiated and

insufficient to make the requisite showing, but courts have rejected such

contentions as a basis to deny conditional certification.  See e.g., Pares, 2013 WL

3279803, at *5.  At a minimum, Plaintiffs have certainly provided more than

"counsel's unsupported assertions that . . . violations [are] widespread and that

additional plaintiffs would come from other stores."  Morgan, 551 F.3d at 1261

(citation omitted).[4]

Lowe's also contends that the Court should not conditionally certify the class

because the underlying ADEA claim lacks merit.  (Doc. 96 at 4–13.)[5]  But courts

have found that the merits of a claim are generally irrelevant at the initial notice

---

[4] Notably, Plaintiffs' counsel explains that, on September 24, 2019, he called
the Florida Bar Ethics Hotline and was informed that it was improper for him, or
Plaintiffs acting on his behalf, to initiate contact with members of a putative class
to determine whether they desire to opt-in.  (Doc. 103 at 13 n.9.)  Lowe's does not
dispute this point.

[5] "Discrimination based on disparate impact requires a plaintiff to show: 1)
there is a significant statistical disparity among members of different age groups; 2)
there is a specific, facially-neutral employment policy or practice; and 3) there is a
causal nexus between the specific policy or practice and the statistical disparity."
Cardelle v. Miami Beach Fraternal Order of Police, 593 F. App'x 898, 901 (11th Cir.
2014) (internal quotation marks, brackets, and citation omitted).

stage.  See Pares, 2013 WL 3279803, at *4 (collecting cases).  And as to the merits,

Lowe's relies on arguments that were previously rejected.  (Doc. 45 at 8–9.)  Lastly,

Lowe's does not adequately support its contention that this Court is able to defer its

determination as to conditional certification and notice until a ruling on the ADEA

claim's merits becomes timely.  (Doc. 96 at 4.)[6]

In summary, conditional certification and facilitation of notice are warranted

as to Plaintiffs' ADEA claim.  Before notice is effected, however, Lowe's requests

that it "be provided the opportunity to address the contents of the notice and how

the putative class members will be contacted."  (Doc. 96 at 2 n.1.)  The request is

granted to the extent that the parties may file supplemental briefing, including a

proposal for the contents of the notice and how the putative class members will be

contacted, within twenty days of this order.  Any briefing shall not exceed seven

pages, excluding the certificate of service and signature page.[7]

---

[6] The out-of-circuit cases Lowe's relies on are distinguishable.  Basco v. Wal-Mart Stores, Inc., No. CIV.A. 00-3184, 2004 WL 1497709 (E.D. La. July 2, 2004); Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459 (S.D.N.Y. 2008); Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 894 (N.D. Iowa 2008).  Basco concerned a Fair Labor Standards Act ("FLSA") suit where, because of the "substantial discovery that ha[d] occurred in [the] matter," the court considered criteria relevant to decertification.  2004 WL 1497709, at *4.  And the court in Amendola, another FLSA case, cited no authority in support of the proposition that a court may postpone a decision "pending further discovery and motion practice," instead looking to Rule 23 jurisprudence from the Second Circuit.  558 F. Supp. 2d at 467 n.9.  Last, the court in Bouaphakeo ultimately noted that it would be "unreasonable to require actual proof on the merits of plaintiffs' claims at the certification stage." 564 F. Supp. 2d at 894 n.19.

[7] In passing, Plaintiffs purport to "move to compel production of putative

7

II. <u>Class Certification Is Unwarranted as to the Remaining Claims</u>

Plaintiffs also move for class certification under Federal Rule of Civil Procedure 23 as to their state law "contract implied in fact / quantum meruit" and "contract implied in law / unjust enrichment" claims. (Doc. 82 at 2; Doc. 49 at 17–28.) But as Lowe's correctly contends, class certification as to these claims is unwarranted. (Doc. 96 at 15–30.)

To sustain a class action, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a). The party seeking certification "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." <u>Comcast Corp. v. Behrend</u>, 569 U.S. 27, 33 (2013).

Plaintiffs seek certification under "Rule 23(b)(2) and/or (3)," requiring the Court to find either that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or

---

plaintiffs contact information (presently redacted by Lowe's in its production)" and for appointment "as representatives for the certified class[] and appoint their counsel as Class Counsel." (Doc. S-92 at 4.) However, Plaintiffs fail to include a statement of the basis for the request and a legal memorandum supporting the request, as required by Local Rule 3.01(a). The Court encourages the parties to resolve the production of information and any related matters themselves.

corresponding declaratory relief is appropriate respecting the class as a whole," or "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(2), (3); (Doc. 82 at 2).[8] As to Rule 23(b)(3), relevant considerations include: "the class members' interests in individually controlling the prosecution or defense of separate actions"; "the extent and nature of any litigation concerning the controversy already begun by or against class members"; "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Lowe's contends that the commonality and typicality prerequisites are not satisfied, that there is no final injunctive or declaratory relief that is appropriate as to the class, that questions of law and fact common to the class do not predominate over questions affecting individual members, and that a class action is not superior to other available methods for fairly and effectively adjudicating the controversy.

---

[8] While Plaintiffs assert that the purported class "may perhaps be properly certified under Rule 23(b)(1)(A) or (B)," they do not expressly move for certification on either basis. (Doc. S-92 at 23.) In any event, Rule 23(b)(1) does not warrant certification in these circumstances.

(Doc. 96 at 15–30.)  The Court agrees that, at a minimum, Plaintiffs have failed to satisfy Rule 23(b)(2) and (3).  Accordingly, certification of the class is unwarranted.[9]

1. <u>Rule 23(b)(2): Injunctive and Declaratory Relief</u>

For starters, Plaintiffs have not shown that certification is appropriate under Rule 23(b)(2), which allows certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

Plaintiffs first argue that Rule 23(b)(2) is satisfied because they seek injunctive and declaratory relief.  (Doc. S-92 at 23.)  However, they do not seek such

---

[9] Rule 23(a)'s commonality prong requires Plaintiffs "to demonstrate that the class members have suffered the same injury" and that their claims "depend upon a common contention."  <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 350 (2011) (internal quotation marks and citations omitted).  "That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  <u>Id.</u>  And the typicality prerequisite focuses on the similarities between the class representative's claims and those of the putative class.  <u>See</u> <u>Murray v. Auslander</u>, 244 F.3d 807, 811 (11th Cir. 2001).

As to both prerequisites, Plaintiffs contend that they and the putative class members continued to work for Lowe's after the allowance pay was implemented in reliance on the promise that the allowance pay would continue, and that they and the putative class members suffered the same harm based on the termination of the allowance pay.  (Doc. S-92 at 18–21.).  Lowe's responds that Plaintiffs do not explain how they relied on the purported promise or were harmed by such reliance, or support their contention that the putative class members relied on the promise or were injured in the same way.  (Doc. 96 at 18–22.)  In any event, absent a showing that Rule 23(b)(2) or (3) is satisfied, it is unnecessary to resolve the question of commonality or typicality.

relief as to the quantum meruit and unjust enrichment claims set forth in Counts II and III, respectively.  (Doc. 49 at ¶¶ 94, 120, at pp. 28–29.)[10]  Second, even if their Amended Complaint could be construed as a request for injunctive or declaratory relief as to the state law claims, it is clear that Plaintiffs primarily seek monetary damages, specifically "in the amount of the [allowance] that should have been paid . . . through the end of their employment or the end of their hourly position."  (Doc. S-92 at 23, 25; Doc. S-100-11 at 6–10.)  Accordingly, the compensatory and punitive damages sought are not "incidental" to the claims for injunctive and declaratory relief.  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360–61 (2011).  Quite the contrary, the monetary damages are at the heart of Plaintiffs' prayer for injunctive and declaratory relief.  And Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."  Id.

Next, Plaintiffs contend that certification under Rule 23(b)(2) is warranted because their requested relief is "equitable."  (Doc. S-92 at 23.)  As the Supreme Court has explained, however, the equitable nature of a claim is "irrelevant" under Rule 23(b)(2).  Dukes, 546 U.S. at 365.  In summary, Plaintiffs' request to certify a

---

[10] In their Reply, Plaintiffs request that the "Court deem the complaint to include a request for Rule 23 equitable/injunctive relief to the extent necessary." (Doc. 103 at 14.).  To the extent Plaintiffs seek relief beyond the scope of their motion for class certification, they have failed to include a statement of the basis for the request and a legal memorandum supporting the request.

class under Rule 23(b)(2) for the non-ADEA claims set forth in Counts II and III is denied.[11]

2.  Rule 23(b)(3): Predominance and Superiority

Plaintiffs have also failed to satisfy Rule 23(b)(3)'s requirements of predominance and superiority.

a.  Predominance

As to predominance, "the issues in the class action that are subject to generalized proof and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." Babineau v. Federal Exp. Corp., 576 F.3d 1183, 1191 (11th Cir. 2009) (citation omitted). "Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability" and they "will not predominate over individual questions if, as a practical matter, the resolution of an overarching common issue breaks down into an unmanageable variety of individual legal and factual issues." Id. (internal quotation marks, brackets, and citations omitted). In

_____

[11] Alternatively, Plaintiffs propose "hybrid certification." (Doc. S-92 at 24.) "A hybrid Rule 23(b)(2) class action is one in which class members seek individual monetary relief . . . in addition to class-wide injunctive or declaratory relief." Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1554 (11th Cir. 1986) (citation omitted). However, courts have found that, as with a Rule 23(b)(2) class, a hybrid class action is unavailable where "the appropriate relief relates exclusively or predominantly to monetary damages." Shamblin v. Obama for Am., No. 8:13-cv-2428-T-33TBM, 2015 WL 1909765, at *9 (M.D. Fla. Apr. 27, 2015) (quotation omitted). In any event, Plaintiffs have failed to demonstrate that any "resulting hybrid case can be fairly and effectively managed." Holmes v. Cont'l Can Co., 706 F.2d 1144, 1158 (11th Cir. 1983).

making this determination, courts should examine the claims, defenses, relevant facts, and applicable substantive law.  Id.

Here, common issues of fact and law do not predominate.  The common issues are few and straightforward: Plaintiffs and the putative class members were employed by Lowe's in hourly positions, prior to February 11, 2012, and received an allowance through the date of Lowe's decision to eliminate the allowance.  By contrast, the differences and fact-intensive inquiries requiring individualized proof dwarf the common issues of fact and law, particularly given the nature of the causes of action.  See Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009) (reversing grant of certification on unjust enrichment claim and noting that "[d]ue to the necessity of this inquiry into the individualized equities attendant to each class member, courts, including ours, have found unjust enrichment claims inappropriate for class action treatment" (citations omitted)).

For example, the claims could require an analysis, as to each class member, on whether there were inequitable circumstances, whether he or she continued to work for Lowe's from 2012 through 2019 in reliance on the purported promise, and whether there was an expectation of compensation for not seeking other jobs in the meantime.  See Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 806 (11th Cir. 1999) (noting that "a claim for quantum meruit requires that plaintiffs demonstrate an expectation of compensation"); Green v. McNeil Nutritionals, LLC, No. 2004-0379-CA, 2005 WL 3388158, at *9 (Fla. Cir. Ct. Nov. 16, 2005) (stating that

"[u]njust enrichment may not be appropriate if a [plaintiff] did not rely on the alleged deceptive acts"). This is true despite the uniform application of Lowe's decision to end the allowance program. See Vega, 564 F.3d at 1274–75 (finding predominance not satisfied on unjust enrichment claim, notwithstanding uniform policy). Damages, moreover, would need to be calculated on an individual basis. (Doc. S-92 at 25; Doc. S-100-11 at 6–10); see Dahlgren's Nursery, Inc. v. E.I. du Pont de Nemours and Co., Inc., No. 91-8709-CIV, 1994 WL 1251231, at *12 (S.D. Fla. Oct. 30, 1994) (denying class certification and noting that "[g]eneralized proof is also inapposite where the damages do not lend themselves to mechanical calculation but instead depend on facts peculiar to each class member").

Even more, the elements of quantum meruit and unjust enrichment vary by state, and Plaintiffs have failed to "demonstrate the homogeneity of different states' laws, or at least to show that any variation they contain is manageable." Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc., 601 F.3d 1159, 1180 (11th Cir. 2010). Rather than "provide an extensive analysis of state law variations to reveal whether these pose insuperable obstacles," id. (citation omitted), Plaintiffs merely assert that "to the extent there are differences" they "are minor and/or immaterial to the resolution of the issues both here and at trial," (Doc. S-92 at 24).[12]

_____

[12] In support, Plaintiffs cite an Arkansas case in which a court certified a class, finding that it could manage the "variances" among state law unjust enrichment claims through special verdict forms. Mojica v. Securus Techs., Inc., No. 5:14-CV-5258, 2017 WL 470910, at *8–9 (W.D. Ark. Feb. 3, 2017). The court, however, later decertified the class, noting that "the unjust enrichment classes in

The Court disagrees.  Contrary to Plaintiffs' assertion, courts have observed that "[t]he elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state."  Mazza v. Am. Honda Motor Co., 666 F.3d 581, 591 (9th Cir. 2012) (emphasis added).

It is unsurprising, then, that "common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts."  Vega, 564 F.3d at 1274.  In short, Plaintiffs have not met Rule 23(b)(3)'s predominance requirement on Counts II and III either.

b.  Superiority

Nor have Plaintiffs shown that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  They reason that this requirement is met because the "claims will be small in relation to the costs and expenses of litigating them, making them not economically viable to be pursued individually."  (Doc. S-92 at 26.)  However, this contention is belied by the amount of compensatory and punitive damages Plaintiffs seek on an individual basis: between $157,311.96 and $622,101.48.  (Doc. S-100-11 at 6–10.)  Contrary to Plaintiffs' assertions, these amounts are not so small that individuals would not have an incentive to pursue their claims.  See Klay v. Humana, Inc., 382 F.3d 1241, 1270 (11th Cir. 2004).

---

these two interstate cases never should have been certified."  Mojica v. Securus Techs., Inc., No. 5:14-CV-5258, 2018 WL 3212037, at *7 (W.D. Ark. June 29, 2018).

Even if it were not "economically viable" to pursue the claims absent a class action, the above discussion makes clear that a class action could not be fairly or efficiently adjudicated.  As the Eleventh Circuit has observed, a "lack of predominance . . . effectively ensures that, as a substantive matter, a class action is almost certainly not superior to other available methods for fairly and efficiently adjudicating the controversy."  Vega, 564 F.3d at 1278 n.18.[13]  Plaintiffs have not shown that a different outcome is warranted here.

In sum, Plaintiffs have not demonstrated that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Absent a showing that Rule 23(b) is satisfied, Plaintiffs' request for class certification as to Counts II and III is denied.

---

[13] Although administrative feasibility is not a requirement for certification, it "remains relevant to whether a proposed class may proceed under Rule 23(b)(3)." Cherry v. Dometic Corp., 986 F.3d 1296, 1301–02 (11th Cir. 2021).  Lowe's does not contend that administrative feasibility or ascertainability is a basis to deny class certification.

16

## CONCLUSION

Plaintiffs' Motion for Conditional Class Certification and Motion to Facilitate Notice Under § 216(b) and Rule 23 (Doc. 82) is **GRANTED in part** and **DENIED in part**.  As to the ADEA claims set forth in Count I of the Amended Complaint, this action is conditionally certified to proceed as a collective action under 29 U.S.C. § 216(b). The parties may file supplemental briefing, including a proposal for the contents of the notice and how the putative class members will be contacted, **within twenty days of this order**.  Any briefing shall not exceed seven pages, excluding the certificate of service and signature page. The request for class certification as to Counts II and III is denied.

**ORDERED** in Fort Myers, Florida, on August 13, 2021

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE