UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BARTHOLOMEW and
MICHAEL SHERRY, on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

v.                                                     Case No.: 2:19-cv-695-JLB-MRM

LOWE'S HOME CENTERS, LLC,

    Defendant.
_____/

## ORDER

This is an age discrimination case. The Court previously granted Plaintiffs' motion to conditionally certify the case as a collective action and facilitate notice as to their disparate impact claim under the Age Discrimination in Employment Act (ADEA) (Count I). (Doc. 116.) At the request of Defendant Lowe's Home Centers, LLC (Lowe's), the Court permitted supplemental briefing addressing the content of the notice and how the putative collective action members would be contacted. (Id. at 7.) Motions to approve proposed notice and consent forms and several disputes followed. (Docs. 122, 123, 125, 126.)[1] Because the Court has not approved either

---

[1] Plaintiffs' response and Lowe's reply (Docs. 125, 126) both exceed the allowed length and contain lengthy, substantive footnotes. (Doc. 124.) Although the documents will not be stricken in the interest of judicial economy, counsel is reminded to adhere to court orders and the Local Rules.

1

proposed notice and consent form, the motions are due to be denied. The Court will address the parties' disputes in turn and allow Plaintiffs to file a revised notice and consent form consistent with this Order.

## LEGAL STANDARD

A district court has discretionary authority over the notice-giving process in ADEA collective actions. See Hoffman–La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989). In exercising this authority, a court must "be scrupulous to respect judicial neutrality" and "avoid even the appearance of judicial endorsement of the merits of the action." Id. As such, "the notice to the class should not appear to be weighted in favor of one side or the other." Palma v. Metropcs Wireless, Inc., No. 8:13-cv-698, 2014 WL 235478, at *1 (M.D. Fla. Jan. 22, 2014). Further, the notice should not disseminate "misleading communications" but instead should be "timely, accurate, and informative." Hoffmann–La Roche, 493 U.S. at 171–72.

## DISCUSSION

**Issue 1: Notice will be sent to Lowe's employees who worked through August 1, 2019.**

The parties dispute whether notice should be sent to Lowe's employees who received the allowance from February 2012 through August 1, 2019 or through January 31, 2020. (Doc. 122 at 4–5; Doc. 123 at 3–4.) As Plaintiffs observe, the Court conditionally certified a collective action as to the ADEA claim on behalf of individuals who "work[ed] for Defendant in an hourly position and needed to have received the Allowance, at least through the date of Defendant's decision to

2

eliminate the Allowance (approximately August 1, 2019)." (Doc. 82 at 1–2.)

Lowe's argues that because it did not end the allowance program until February 1, 2020, "those employees who stopped receiving the Allowance prior to January 31, 2020 under the terms of the program did not suffer an adverse action, have no damages, and therefore have no claim under the ADEA." (Doc. 123 at 3–4.) Plaintiffs respond that the "putative plaintiffs that stopped working for Lowe's during this six-month window should be allowed the opportunity to opt-in, as some of these persons have quit, were terminated by Lowe's, and/or have died in this period . . . . Of course, these putative class members' decisions to quit (and/or Lowe's decision to terminate them) may be due to or related to the announcement of the end of the Allowance in early August 2019." (Doc. 122 at 5.)

In all events, Lowe's did not previously raise this as a basis to deny or restrict the proposed collective action, (Doc. 96), and the collective action has been conditionally certified as to individuals who worked at Lowe's through August 1, 2019. Accordingly, the notice will use this date. (See, e.g., Doc. 123-2 at 2–3, 6); see Tapley-Smith v. Pacesetter Claims Serv., Inc., No. 3:18-cv-1488-J-32JRK, 2020 WL 1862629, at *2 (M.D. Fla. Apr. 14, 2020) (rejecting change to description of collective action in notice).

**Issue 2: Whether to Allow Use of a Website to Opt-in**

Lowe's objects to "Plaintiffs' proposed notice's inclusion of avenues of communications with the putative plaintiffs where the content of the

3

communication has not been approved by the Court, such as through a website for which Plaintiffs have not provided the content to Defendant or the Court for authorization." (Doc. 123 at 4.) Plaintiffs respond that they "intend to utilize a website that mirrors the contents of the Court approved notice," and will "coordinate with Simpluris," the agreed upon third-party administrator, "concerning creating a proposed website and its contents." (Doc. 122 at 6.) They further assert that they will "provide whatever website information (or proposed website draft) is necessary to the Court and/or Lowe's before the website goes live." (Id.)

Contrary to Lowe's unsupported contentions, courts have permitted putative members to use a website to opt-in if the website's content mirrors the approved notice. See, e.g., Sellers v. Sage Software, Inc., No. 1:17-cv-3614-ELR, 2018 WL 5631106, at *5 (N.D. Ga. May 25, 2018); Alexander v. CYDCOR, Inc., No. 1:11-cv-1578-SCJ, 2012 WL 1142449, at *9 (N.D. Ga. Apr. 6, 2012). Accordingly, a website with content that mirrors and does not deviate from the approved notice and consent form may be used for putative members to opt-in to the lawsuit. Lowe's shall have the opportunity to view the website's content prior to the website "going live" and, if necessary, to raise any concerns as to the website's content with the Court.

**Issue 3: Contact Information and How the Members Will Be Contacted**

The parties dispute how the putative members will be contacted. (Doc. 125 at 7; Doc. 123 at 5.) Plaintiffs' proposed notice indicates that notice will be mailed by

4

Simpluris to the putative members and, to opt-in, the members must return the signed consent form within "75 days from date of mailing" to Simpluris or Plaintiffs' counsel, or use the website. (Doc. 122-3 at 5.) Lowe's does not object to the proposed 75-day period to opt-in and proposes that, to facilitate notice, "it confidentially share the names and addresses of the putative collective action members with Simpluris within 14 days, and that Simpluris mail out the notice within 21 days of approval by the Court." (Doc. 123 at 5.) Plaintiffs object and seek production of the putative members' email addresses and phone numbers. (Doc. 125 at 7.)

The Court agrees with Lowe's that because the parties have agreed to use a third-party administrator to send notice and collect consent forms, Plaintiffs' counsel does not need the contact information of the collective members to effect notice. See, e.g., Jibowu v. Target Corp., No. 17-cv-3875, 2020 WL 7385695, at *6 (E.D.N.Y. Dec. 16, 2020). The request is denied without prejudice to a showing of necessity in the future. See id. The Court also agrees that reminder or follow-up notices are unnecessary and will not be permitted. See Campbell v. Pincher's Beach Bar Grill Inc., No. 2:15-cv-695-FtM-99MRM, 2016 WL 3626219, at *6 (M.D. Fla. July 7, 2016) ("Reminder notices are unnecessary because they are redundant and could be interpreted as encouragement by the Court to join the lawsuit." (quotation omitted)).

The proposal of Lowe's to "confidentially share the names and addresses of

5

the putative collective action members with Simpluris" is thus granted. (Doc. 123 at 5.) However, due to concerns about the accuracy of address information and out of an abundance of caution, Lowe's shall also provide to Simpluris personal email addresses, which may only be used to send the approved notice. (Doc. 125 at 3); see Allen v. Hartford Fire Ins. Co., No. 6:16-cv-1603-Orl-37KRS, 2017 WL 3701139, at *10 (M.D. Fla. Aug. 25, 2017).[2] Reminder and follow-up notices via email are not permitted. See Palma, 2014 WL 235478, at *2–3 (allowing notice to be sent to physical and email addresses without follow-up).

Absent a showing that addresses and personal emails are insufficient to effect notice, the Court will not require Lowe's to provide Plaintiffs or Simpluris with work email addresses or telephone numbers. See Allen, 2017 WL 3701139, at *10 n.13; Harvey v. AB Electrolux, 857 F. Supp. 2d 815, 820 (N.D. Iowa 2012) (noting that "there are legitimate concerns with improper solicitation, even unintentional, and privacy that counsel against providing telephone numbers without some showing that notice by first-class mail is actually insufficient"). Further, the notice and consent form shall be revised to reflect that the putative members may join the lawsuit by returning the consent form to Simpluris or via the

---

[2] Lowe's insists that it "maintains the home addresses of its current employees and has no reason to doubt the accuracy of its records," and that it "has last known addresses for its former employees." (Doc. 126 at 4 & n.8.) However, Lowe's fails to provide a basis to limit notice to first class mail and not permit email sent by the agreed upon third-party administrator.

website, not by returning the consent form to Plaintiffs' counsel.  (Doc. 123-2 at 5.)[3]

**Issue 4**: **Lack of Neutrality and Inaccuracies in Plaintiffs' Proposed Notice**

Lowe's objects to a purported "lack of neutrality" and inaccuracies in Plaintiffs' proposed notice and consent form.  (Doc. 123 at 2; Doc. 123-2.)  However, Lowe's does not explain the basis of its contention that the language revised in Plaintiffs' proposed notice and consent form is not neutral.  The Court nevertheless agrees with the following modifications:

1. Removing the description of a collective action as a "type of class action lawsuit."  (Doc. 123-2 at 2.)

2. Removing the statement that "While you are not required to join the Lawsuit, if you do not join, you may be prevented from filing any claim about the end of the Allowance, including due to statute(s) of limitations."  (Doc. 123-2 at 3.)

3. To the extent Plaintiffs wish to reference the damages they are seeking, they are limited to describing the damages they are seeking as pleaded in Count I

---

[3] In their response to Lowe's briefing, Plaintiffs contend that they "should be rewarded for their good faith efforts to await the Court's blessing on notice, and be allowed to email or call a putative plaintiff as may be necessary," and request "that the Court allow them to contact their friends and colleagues they know personally from Lowe's that may want to join the lawsuit and, expressly inform them of the existence of the lawsuit and how to opt-in." (Doc. 125 at 3 & n.2.)  Conversely, Lowe's "asks the Court to direct all communications be via Simpluris and that Plaintiffs and their counsel not have separate communications with the putative plaintiffs unless and until they opt in." (Doc. 123 at 7.)  No party supports its request with a statement of the basis for the request and a legal memorandum, as required by the Local Rules.  To the extent any party seeks greater relief than this Order grants, the request is denied.

in their complaint. (Doc. 123-2 at 3.)

4. Lowe's may include that it is represented by counsel and may briefly describe its position as to Plaintiffs' claim, so long as the description is phrased, like Plaintiffs' description, in terms of Lowe's position and not facts. (Doc. 123 at 2–3; Doc. 123-2 at 2–3; Doc. 125 at 4 n.4); see Tapley-Smith, 2020 WL 1862629, at *3 (allowing defendant to include its position in notice).

5. Changing "be eligible for compensation" to "join this Lawsuit." (Doc. 123-2 at 3.)

6. Including notice that, "If you join the Lawsuit and the Lawsuit is unsuccessful, Lowe's may in certain circumstances seek to recover its defense costs and attorney's fees from Plaintiffs and individuals who opt-in to the Lawsuit." (Doc. 123-2 at 4); see Dean v. W. Aviation, LLC, No. 17-cv-62282, 2018 WL 1083497, at *4 (S.D. Fla. Feb. 28, 2018) (collecting cases).

7. Removal of any language authorizing "Representative Plaintiffs . . . and their attorneys . . . to prosecute this action on my behalf and to act as my agents," language authorizing Salas Law Firm to serve as the putative members' counsel, language indicating understanding that "Representative Plaintiffs could make significant decisions on [the members'] behalf, including the manner in which to conduct the litigation, the amount of any settlement, and whether to settle this case with Lowe's or proceed to trial," and language agreeing to "be bound by any adjudication or settlement of this action by the

8

Representative Plaintiffs, whether it is favorable or unfavorable." (Doc. 123-2 at 6–7); see Dean, 2018 WL 1083497, at *3 (collecting cases); see also Martins v. Flowers Foods, Inc., No. 8:16-cv-3145-MSS-JSS, 2018 WL 8576598, at *3 (M.D. Fla. Oct. 22, 2018).

8. Changing "and those who opt-in elect to have this Firm represent them as well," to "and those who opt-in may elect to have this Firm represent them as well." (Doc. 123-2 at 3.)

9. Removing "retain current collective action counsel and" from the sentence, "If you wish to retain current collective action counsel and participate in this age discrimination Lawsuit, by (insert date 75 days from date of mailing), you must sign and return the enclosed Consent to Join form . . . ." (Doc. 123-2 at 4.)

10. Removing "Current Plaintiffs prefer that you use Option 1 or 2." (Id.)

11. Including that, by completing the consent form, the putative member is joining Count I of the First Amended Class Action Complaint. (Doc. 123-2 at 6; Doc. 125 at 4 n.6.)

12. Changing the case caption to the include the correct case information. (Doc. 123-2 at 6.)

13. Any other aspects of the proposed notice and consent form that are inconsistent with this Order.

9

## CONCLUSION

The parties' motions to approve their proposed notice and consent forms are denied. (Docs. 122, 123.) Plaintiffs are directed to file a revised notice and consent form consistent with this Order on or before January 7, 2022.

In accord with Local Rule 3.01(g), Plaintiffs shall include certification of good faith conferral with opposing counsel and note whether Lowe's has any objections to the proposed notice and consent form based on the revisions made and not previously raised. The Court notes that the certification of good faith conferral with opposing counsel is not a perfunctory exercise in the Middle District of Florida. It is intended, among other reasons, to provide an opportunity for the counsel to work together to find common ground and limit the Court's need to address matters that could have been resolved had the parties conferred and worked together. The Court has noticed that there have been circumstances in this case where matters could have, and should have, been resolved without the Court's intervention. The Court asks counsel to be mindful of this and diligently work to resolve as many matters as possible.

**DONE AND ORDERED** this 21st day of December, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE