UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BARTHOLOMEW and
MICHAEL SHERRY, on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.                            Case No.:  2:19-cv-695-KCD

LOWE'S HOME CENTERS, LLC,

      Defendant.

_____/

## ORDER

Before the Court is the parties' Joint Motion for Final Approval of Collective Action Settlement. (Doc. 203.) As set forth below, the motion is granted.

## I. Background

Plaintiffs Diane Bartholomew and Michael Sherry have worked for Defendant Lowe's Home Centers, LLC as sales associates. After Lowes altered its pay structure, Plaintiffs brought this action on behalf of themselves and "all the other similarly-situated individuals . . . who have been or may have been affected" by the change. (Doc. 49 ¶ 2.) Their complaint included claims for disparate impact in violation of the Age Discrimination in Employment Act

(ADEA) (Count I); contract implied in fact/quantum meruit (Count II); contract implied in law/unjust enrichment (Count III).

The Court conditionally certified Plaintiffs' ADEA claim as a collective action, finding they had identified potential class members who were similarly situated. (Doc. 116 at 5-6.) Plaintiffs' request for class certification as to the remaining state-law claims, however, was denied. (*Id.* at 16.) Notice was sent to potential collective members, and 2,197 individuals opted into the ADEA claim. (Doc. 196 at 3.)

Following a full-day mediation (and several follow up conferences), the parties settled. Their final agreement ("Amended Settlement Agreement") was presented to the Court for review, and it was approved pending notice to the opt-in plaintiffs and an objection period. (Doc. 198.)

The settlement administrator, Simpluris, has filed an affidavit attesting it provided notice and complied with the terms of the Court's preliminary approval order. The parties are thus asking for final approval of their settlement agreement. (Doc. 203.) Having reviewed the docket and the few responses received during the objection period (more on that below), the Court again finds that the Amended Settlement Agreement is reasonable, adequate, fair, and consistent with applicable law.

During the objection period mentioned above, the settlement administrator received one written objection. Having reviewed the same, the

Court finds it does not alter its decision to approve the settlement. As an initial matter, the small number of objections favors approval. *See, e.g.*, *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005). Even setting aside basic arithmetic, the objection does not contain any substance or even case citations. Instead, it lodges general, non-specific complaints about lawyers, their pay, and the perceived merits of the case. As much as that sentiment may be true, it does not constitute grounds to reject the proposed settlement request that is otherwise reasonable under the governing legal framework.

The settlement administrator also received six written requests from opt-in plaintiffs to withdraw from the settlement. (Doc. 202-1.) As stated in the Court's preliminary approval order, any opt-in plaintiffs seeking to withdraw were also obligated to appear at the final approval hearing. (Doc. 201 at 1.) This was required so "the Court [could] discern what remains of the case and how to proceed." (*Id.*) None of the six opt-in plaintiffs who sent withdrawal papers appeared at the hearing. Accordingly, the Court finds their requests insufficient, and they shall remain bound by the terms of the settlement agreement.

For the reasons above, the Court now **ORDERS**:

1.    The Amended Settlement Agreement is approved, and its terms are incorporated herein by reference.

2.      Lowe's shall transfer four hundred thousand dollars ($400,000) to the Qualified Settlement Fund account established by Simpluris within 45 days after entry of this Order finally approving this settlement and dismissal with prejudice of the Action, or if an appeal is taken from any aspect of this Order and/or the judgment entered, then 21 days after the later of either (i) the appeal being withdrawn or (ii) the exhaustion of all available appellate review and an appellate decision affirming the approval of the settlement and judgment becoming final and not subject to further appellate review.

3.      Plaintiffs' counsel are awarded fees of eighty-six thousand eight hundred twenty-two dollars and sixteen cents ($86,822.16), and costs and expenses of forty-three thousand two hundred seventy-seven dollars and eighty-four cents ($43,277.84), for a total of one hundred thirty thousand one hundred dollars ($130,100.00), which shall be paid from the Qualified Settlement Fund.

4.      Simpluris is awarded fifty thousand dollars ($50,000) for its fees and expenses related to the administration of the settlement, which shall be paid from the Qualified Settlement Fund.

5.      The Court finds that the terms of the Amended Settlement Agreement and Notice comply with the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f).

6.    All Plaintiffs and Non-Withdrawing Opt-In Plaintiffs are bound by the Amended Settlement Agreement, including its Release, Waiver and Bar provision, and are permanently barred from commencing, maintaining, prosecuting, participating in, or permitting to be filed by any other person on their behalf, any action, suit, or proceeding of any kind against Defendant or the Released Parties with respect to the Released Claims.

7.    All approvals preliminarily conferred in the Court's prior orders are hereby confirmed and made final. In particular, the Amended Settlement Agreement, including its attachments, and the proposed plan of allocation are unconditionally and finally approved.

8.    Count I of the Amended Complaint alleging disparate impact discrimination under the Age Discrimination in Employment Act is hereby **DISMISSED WITH PREJUDICE**, without costs to either party, as to all Plaintiffs and Non-Withdrawing Opt-In Plaintiffs.

9.    Counts II and III of the Amended Complaint are also herby **DISMISSED WITH PREJUDICE** as to all applicable parties pursuant to the stipulation of settlement (Doc. 185).

10.    The Clerk is directed to terminate any pending motions, remove all deadlines, and close this case.

**ENTERED** in Fort Myers, Florida this April 28, 2023.

Kyle C. Dudek
United States Magistrate Judge